Boyd vs. Bryant.

5. FORMER JUDGMENTS Plea of, must show the parties to it, etc.

---

## BOYD VS. BRYANT.

STATUTES: *Local option liquor law, constitutional.*

The act approved March 2, 1875, "to prevent the sale or giving away of vinous, spirituous, or intoxicating liquors, within three miles of any academy, college, or university, in this state," is not unconstitutional.

| 35 | 69 |
| 56 | 113 |

| 35 | 69 |
| 59 | 530 |

| 35 | 69 |
| 66 | 579 |

| 35 | 69 |
| 72 | 125 |

| 35 | 69 |
| 75 | 124 |
| 76 | 201 |

| 35 | 69 |
| 83 | 598 |
| f 84 | 394 |

| 35 | 69 |
| 78 | 462 |
| 80 | 337 |

Boyd vs. Bryant.

2. LEGISLATURE: *What power it may delegate.*

The legislature can not delegate the power to *make* laws, but it can make a law to delegate the power to determine some facts or state of things upon which the law makes or intends to make its own action depend.

APPEAL from *Dorsey* Circuit Court.

Hon. T. S. SORRELLS, Circuit Judge.

*Rousseau*, for appellant.

*M. L. Jones, contra.*

STATUTES: Local option liquor law of 1875.

ENGLISH, C. J. This case involves the constitutionality of the following act:

"*An act to prevent the sale or giving away of vinous, spirituous or intoxicating liquors, within three (3) miles of any academy, college or university in this state.*

"*Be it enacted by the general assembly of the state of Arkansas:*

"Sec. 1. That it shall be unlawful for any person to sell or give away any vinous, spirituous or intoxicating liquors, within three (3) miles of any academy, college, or university in this state while pupils are being taught or instructed in the same.

"Sec. 2. The provisions of this act shall not apply to druggists who sell said liquors for medical purposes only; *provided*, that said druggists shall in every case procure the written certificate of a regular practicing physician, that the liquor so sold or given away is for use in a case of actual sickness, and as a remedy therefor; *provided, further:* that the provisions of this act shall not apply to cities of the first and second classes, in which a regular police force is maintained.

"Sec. 3. That the provisions of this act shall apply to those preparations known as 'bitters," the body or por-

tion of which consists of alcohol or other intoxicating liquors.

" Sec. 4. That whenever the adult residents of any township of any county desire to avail themselves of the provisions of this act, a majority of them shall petition the county court of their county, setting forth the fact that an academy, institute of learning, or university, in which pupils are taught, is located in their township or district, and praying that the sale or giving away of spirituous liquors be prohibited within three (3) miles of the same; whereupon should said county court be satisfied that a majority of said residents so petition, shall make an order in accordance with said prayer, and from thenceforth it shall not be lawful to vend or give away any spirituous liquors within the limits aforesaid.

" Sec. 5. This act shall not be construed to affect or repeal any law in force in regard to selling liquors within certain prescribed limits of any institution of learning, passed at this session of the general assembly.

" Sec. 6. That any person violating the provisions of this act shall be deemed guilty of a misdemeanor, and for each offense shall be fined in any sum not less than twenty-five (25), nor more than one hundred (100) dollars; and this act shall take effect and be in force ninety (90) days after its passage." Approved March 2, 1875.

On the first of October, 1877, William Bryant, and about 224 other persons, filed a petition in the county court of Dorsey county, representing that they were a majority of the adult residents of Red Land township in said county, and that there was an academy at New Edinburgh, in said township, in which pupils were taught, and that spirituous liquors were sold in New Edinburgh, to the detriment of the school kept in said academy, and praying an order of

Boyd vs. Bryant.

the court, under the above act, to prevent the sale or giving away of spirituous liquors, etc., within three miles of said academy, etc.

W. M. Boyd, a licensed liquor dealer of New Edinburgh, on behalf of himself, and others, not named, demurred to the petition, on the grounds that the court had no jurisdiction of the subject-matter of the petition, and that the granting of its prayer would conflict with his vested rights under the constitution and laws of the state. The court overruled the demurrer, and, on ascertaining that the facts stated in the petition were true, made the order prayed for, with an exception in favor of any duly licensed dealer until the expiration of his license.

Boyd appealed to the circuit court.

In the circuit court the demurrer to the petition was argued and submitted on the grounds that the above act was unconstitutional and void.

The court held the act valid, overruled the demurrer, heard the case *de novo*, and, finding the facts stated in the petition to be true, made an order similar to that made by the county court, and Boyd appealed to this court.

Is constitutional.

I. Counsel for appellant submits that the act in question is a local or special law within the meaning of sections 24 and 25 of Art. V of the constitution.

Section 24 provides that, " the general assembly shall not pass any local or special law changing the venue in criminal cases; changing the names of persons, or adopting or legitimating children; or granting divorces; vacating roads, streets or alleys."

It is plain that the above act is not a local or special law within any of the provisions of this section.

Section 25 provides that, " in all cases where a general law can be made applicable, no special law shall be enacted;

nor shall the operation of any general law be suspended by the legislature for the benefit of any particular individual, corporation or association; nor when the courts have jurisdiction to grant the powers, or the privileges, or the relief asked."

The act in question is not a special law within the meaning of this section, because it applies to academies, colleges and universities generally, except in the instances indicated in the act.

Moreover, in the constitutions of other states there are clauses to the effect that "in all cases where a general law can be made applicable, no special law shall be enacted," and the courts of those states have held that such clauses left a discretion with the legislature to determine the case, in which the special law should be passed. *Cooley on Con. Lim. (4th ed.), 155, note 4; State v. Hitchcock, 1 Kan., 178; Gentile v. State, 29 Ind., 409, (overruling Thomas v. Board of Com., etc., 5 ib., 4); Marks, etc., v. Trustees, etc., 37 ib., 163; State v. Tucker, 46 ib., 355; State v. Boone Co., 50 Mo., 317; State v. County Court New Madrid, 51 ib., 83; Hall v. Bray, 51 ib., 288; St. Louis v. Shields, 62 ib., 247; Ex parte Pritz, 9 Iowa, 30.*

II.  It is furthermore submitted that the act is unconstitutional because it is left to take effect or operate in the school districts at the option of a majority of the adult residents thereof, etc.; in other words, that it is a *local option law*.

If the act is unconstitutional for that reason, it would follow that all of our statutes making the granting or withholding of licenses to sell liquors, etc., to depend upon the suffrages of the electors of townships and wards, would be for a like reason invalid, and the state and her courts have done great injustice to vendors of ardent spirits by enforcing

What power legislature may delegate.

such acts, for they are and have been classed as local option laws.

·In some of the states such laws have been held unconstitutional, but the clear weight of authority is now in support of the validity of such acts. See *Cooley on Con. Lim.*, (*4th ed.*), *pp. 151–2*, and cases cited in note 2, p. 152.

In the cases cited the question is fully discussed, and we deem it of no importance to repeat the argument. See *State v. Court Com. P., 36 N. Y., 72; Locke's appeal, 22 Penn. State, 441; 42 Conn., 364*.

"The legislature can not delegate the power to make laws, but it can make a law to delegate the power to determine some fact or state of things upon which the law makes or intends to make its own action depend." *Locke's appeal, 72 Penn. State, 491; 38 Wis., 504; 51 Ill., 94.*

Under the act in question, upon the petition of a majority of the adult residents of a township in which there is an academy, etc., the county court makes an order preventing the sale, etc., of liquors, etc., within three miles of such academy, etc., under the penalty prescribed by the act.

Under the license act, the licenses are granted or withheld on the vote of the electors of a township or ward.

Under either act, the operation of the law in a particular township, ward or district, is made to depend upon the option of the electors, or adults, and the order of the county court.

On principle there is no difference between the acts.

All such acts are passed, and their mode of operation regulated, under the police power of the state over the subject of vending ardent spirits.

Affirmed.