CATON *v.* WESTERN CLAY DRAINAGE DISTRICT.

Opinion delivered June 29, 1908.

1. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE.—A special drainage act which provides that the benefits shall be assessed upon the lands involved and that publication shall be made of notice to all persons interested, and gives them thirty days in which to file exceptions thereto, sufficiently complies with the constitutional requirement of due process. (Page 11.)

2. STATUTES—LOCAL ACTS—NOTICE.—The question whether notice of intention to apply for a local or special act was given or not, as provided by Const., art. 5, § 25, is a legislative, and not a judicial one. (Page 11.)

3. IMPROVEMENT DISTRICTS—DETERMINATION OF BENEFITS.—The Legislature may determine benefits or assessments to be placed upon land in districts which it forms for public improvement, or it may delegate that duty to an inferior tribunal; and when that duty is performed

by the inferior tribunal, it is but an agency carrying out the legislative will.   (Page 11.)

4.  SAME—VALIDITY OF ASSESSMENTS.—The provisions of art. 16, sec. 5, of the Constitution relating to taxation do not apply to assessments for public improvements levied by the Legislature or authorized by it. (Page 12.)

Appeal from Clay Chancery Court; *Edward D. Robertson,* Chancellor; affirmed.

This appeal involves an atack upon the constitutionality of an act of the General Assembly of 1907, entitled "An Act to provide for a topographical survey of and to authorize the drainage and levying of certain portions of the Western District of Clay County, Arkansas, by and under the supervision of a board of directors, to be vested with corporate powers and to be named 'Western Clay Drainage District,' and for other purposes"; approved May 23, 1907, and found on page 890 to 910 of the Acts of 1907.

The plaintiff, William Caton, sought to restrain the directors of the district from assessing and collecting any assessment against the lands in the district, to the injury of plaintiff and other landowners therein.   A demurrer to the complaint was sustained, and Caton appealed.

The following paragraphs of the act are referred to in the opinion:

"Section 8.   (a) For the purpose of paying the general expenses of said corporation and to be expended under the orders and directions of the board of directors (there shall be levied and collected and there is) hereby levied on all lands, lots, railroads and tramroads in said district for the year 1907 the following taxes, viz: on each acre of land a betterment of two cents per acre; upon each mile of main line of railroad a betterment of twenty dollars per mile; upon each mile of side track a betterment of five dollars per mile, and upon each mile of tramroad a betterment of five dollars per mile, and upon each town or city lot a betterment of ten cents per lot, and in the same ratio upon all fractional blocks or other subdivisions.

\*      \*      \*      \*      \*      \*      \*      \*      \*      \*

"(g) Publication of notice shall thereupon be made by said corporation by two insertions in a weekly newspaper published

in said county, notifying all persons interested that said assessment has been made and filed as aforesaid. Said notice shall describe the property, but need not give the names of the owners; and if it shall contain the names of the supposed owners, any errors with respect thereto shall be immaterial. The said notices may be in the following form, towit:

### "NOTICE.

·"Notice is hereby given that the assessment of the property benefited by the improvement for which Subdistrict .......... was formed has been filed in the office of this corporation, and that assessments are made thereby upon the following described property: (Then shall follow a description list of the property assessed.) Now, therefore, all persons, firms and corporations having or claiming to have any interest in said property or any part thereof are hereby required to take notice of such assessment, and to file exceptions thereto, if any they desire to file, within thirty days hereafter, and that, if no exceptions be filed, the said assessment will be approved by the board of directors of this corporation.

"[Signed] WESTERN CLAY DRAINAGE DISTRICT,

"By ........................Secretary.

"(h) If any person, firm or corporation, interested in any of the property so assessed, shall consider the amount of the benefit so assessed against it to be excessive, or shall desire for any other reason to object to the same, he shall, within thirty days after the last insertion of the notice aforesaid, make and file in the office of the secretary of said corporation his exceptions to said assessment, stating in detail his objections thereto. When said thirty days shall have expired, the board of directors shall approve of all of said assessments as to which no exceptions have been filed. If exceptions have been filed, the same shall be considered by the board and disposed of in a proper and just manner; and for that purpose a day shall be set by said board of directors for a hearing on such exceptions, at which hearing evidence may be submitted in support or against such exceptions."

*F. G. Taylor*, for appellant.

Notice of the intention to apply for a local act must be published in the locality affected.   5 Nev. 111; '64 Pac. 241; 10 Okla. 556; 38 N. Y. 193; 63 Pac. 642; 53 L. R. A. 454.   The act is void because it attempts to suspend the general laws of the State for the benefit of a particular corporation.   36 Ark. 166.   The act vesting the power to hear and determine certain questions in the board of directors is in violation of the provision of the Constitution vesting the judicial power in the courts.   The expression of one thing in a constitution is necessarily the exclusion of things not expressed.   End. Inter. Stat. § 538.

*D. Hopson* and *G. B. Oliver*, for appellees.

Sec. 5, art 16, Const., applies to taxation for State purposes and not to an assessment for local improvements.   21 Ark. 50; 59 *Id.* 513; 64 *Id.* 562.   If any special provision or statute be unconstitutional, and can be stricken out without affecting the validity of the whole act, it may be done, and the act allowed to stand.   37 Ark. 356; 54 *Id.* 657; 55 *Id.* 200; 58 *Id.* 407; 56 *Id.* 166; 66 *Id.* 36; 64 *Id.* 563.   The presumption is in favor of the constitutionality of the act.   32 Ark. 131; 39 *Id.* 353.   The Legislature has full power of legislation except as prohibited by the Constitution of the State or of the United States.   72 Ark. 126.

HILL, C. J.   1.   The first attack upon the act is that it deprives the owner of his property without due process of law. The act provides, in section 8, paragraph (g), for publication of notice to all persons interested of the assessments, and gives them thirty days in which to file exceptions thereto.   This complies with the due process requirement.

2.   The next objection is, "because said act is a local or special law, and no notice was given of intention to apply therefor as required by sec. 25, art. 5, of the Constitution of Arkansas."   This question has so often been held to be a legislative and not a judicial one that it would be a waste of time to cite the cases.

3.   The next objection is that the act delegates judicial power to the board of directors, and that the judicial power of

the State is vested in the courts in art. 7 of the Constitution. The Legislature may determine benefits or assessments to be placed upon land in districts which it forms for public improvement, or it may delegate that duty to an inferior tribunal; and when that duty is performed by the inferior tribunal, it is an agency carrying out the legislative will, and has often been sustained by this court. *Carson* v. *St. Francis Levee District,* 59 Ark. 513; *Coffman* v. *St. Francis Drainage Dist.,* 83 Ark. 54; *Sudberry* v. *Graves,* 83 Ark. 344; *Craig* v. *Russellville Waterworks Imp. Dist.,* 84 Ark. 390; *Road Imp. Dist.* v. *Glover,* 86 Ark. 231, and authorities cited in these decisions.

4 and 5. The next objections are that the assessments violate sec. 5, art. 16 of the Constitution. But the provisions of the Constitution in regard to taxation do not apply to assessments for public improvements levied by the General Assembly or authorized by it. See authorities above cited, and *Paving Dist.* v. *Sisters of Mercy,* 86 Ark. 109.

It is conceded that the other questions presented have been decided adversely to appellant *Carson* v. *St. Francis Levee Dist.* 59 Ark. 513, and the court will not reopen the questions settled in that case.

Judgment is affirmed.