DESHA-DREW ROAD IMPROVEMENT DISTRICT No. 1 *v.* TAYLOR.

Opinion delivered October 22, 1917.

1. STATUTES—VALIDITY OF PASSAGE.—In determining whether a statute was legally enacted, it is the duty of the court to look at all the records in the office of the Secretary of State.

2. STATUTES—VALIDITY OF ENACTMENT—OMISSION OF WORD.—The original bill as passed by both legislative houses read: "Beginning at the point where the Monticello and Tillar road crosses the military road in section 7," etc. As enrolled and signed by the Governor the word "road" before the word "military" was omitted. *Held,* the omission did not constitute a material discrepancy, and did not invalidate the enactment of the statute.

3. STATUTES—VALIDITY.—A statute is valid although some confusion arises from its terms, where its meaning can be easily determined from a reading thereof.

Appeal from Desha Chancery Court; *Zachariah T. Wood,* Chancellor; reversed.

*Williamson & Williamson,* for appellant.

1.   The act is valid.   It was legally passed.   19 Ark. 250; 32 *Id.* 496; 33 *Id.* 17; 40 *Id.* 200; 90 *Id.* 174.   The presumption is that it was legally passed.   90 Ark. 174; *Ib.* 600; 51 *Id.* 559; 33 *Id.* 17.   Mere clerical errors in the journal will not invalidate.   40 Ark. 215.   The error is immaterial.   103 *Id.* 109.   The omission of the word "road" was immaterial.   80 Ark. 150; 93 *Id.* 168; 94 *Id.* 422.   All doubts must be resolved in favor of the act.   95 Ark. 412; 94 *Id.* 422; 104 *Id.* 261; 95 *Id.* 327.   The act was legally passed.

2.   All other objections have been disposed of in 120 Ark. 277.   It is *res judicata.*

3.   The Legislature may create a district covering a portion of two counties and provide for its maintenance. 104 Ark. 427.

4.   The courts have nothing to do with the policy or expediency of legislation and the fact of war and high prices are not material.   102 Ark. 411; 70 *Id.* 549, 557; 72 *Id.* 195.

5.   There is no repeal of the act.   The intention to repeal must be clear.   92 Ark. 600.   The two districts are empowered to improve an identical part of two different roads.

6.   Really all the questions raised were settled in 120 Ark. 277.   *Bennett* v. *Johnson,* 130 Ark. 507.   The act is not unlimited as to benefits.   120 Ark. 284.   The county courts of the respective counties may take over the completed roads for maintenance if so desired.   104 Ark. 428, 431.   Appellee's point that there is no provision for including in the district other property that would be benefited is settled in 102 Ark. 561; 54 Ark. 645.

(7)   The act does not take the control of the road from the county courts.   95 Ark. 575; 93 *Id.* 612, 621.

McCULLOCH, C. J. This appeal involves an attack on the validity of a special statute enacted by the General Assembly of 1917, Act 465, p. 2130, creating the "Desha-Drew Road Improvement District No. 1" for the improvement of certain public roads in Desha and Drew counties. There are several of the roads constituting a group which do not run parallel, nor do they converge to a common center, but they intersect each other at certain points. The appellees are owners of property in the district, and secured a favorable decree from the chancellor holding that the statute is invalid, but we are not favored with a brief in their behalf and must look to the allegations of the complaint for specification of the grounds of attack. Only those which appear to be important will be discussed.

The questions whether or not the improvement of several roads and the size of the district constituted a single local improvement, and as to the validity of a district comprising parts of two counties, are controlled by the decisions of this court in *Bennett* v. *Johnson,* 130 Ark. 507, and that point of attack made by appellees is thus disposed of against them.

(1) Another point of attack is that the statute was not legally passed by both houses of the Legislature, for the reason that the journals of the Senate fail to show a vote on the bill under the proper title. The statute originated as a Senate bill, being Senate Bill No. 262, introduced by Senator Collins, and entitled "An Act Creating the Desha-Drew Road Improvement District No. 1, in Drew and Desha Counties, Arkansas." The only entry on the journals of the Senate in regard to the final passage of the bill of that number refers to it as "S. B. No. 262 (Collins), entitled a bill for an act to be entitled 'An Act authorizing Guardians, Curators and Wards to extend and renew Notes, Bonds, Deeds of Trust and Mortgages of real estate.'" This was obviously a clerical error as shown by all of the records in the office of the Secretary of State, to which it is our duty to look in determining whether or not a bill has been legally passed.

*Butler* v. *Kavanaugh,* 103 Ark. 109; *The Mechanics Building & Loan Association* v. *Coffman,* 110 Ark. 269.

(2)   The next contention is that the whole act is void because, as enrolled and signed by the Governor it omits a word essential to the meaning of the section. Section 2 of the original bill as passed by both houses in describing the roads, reads as follows:

"Beginning at the point where the Monticello and Tillar road crossed the military road in section 7," etc. The enrolled bill omitted the word "road" after the word military so as to read: "Beginning at the point where the Monticello and Tillar road crosses the military in section 7," etc. This, too, is an obvious misprision, and the meaning of the lawmakers can be interpreted, even with the word "road" omitted. It does not constitute a material discrepancy between the bill which was enacted and the one which was enrolled and signed by the Governor.

(3)   Another defect in the enactment of the statute is that section 16, which relates to the method of enforcing payment of delinquent assessments, contains a portion of section 17, which relates to the same subject. Reading the two sections as they appear in the statute leads to considerable confusion, but with the proper understanding of the subject dealt with the errors are perfectly obvious, and there is no difficulty in finding the proper place for the improperly transposed sentences. The confusion arising from the mistake is not so great as renders it impossible to extract from the two sections an orderly provision for the enforcement of collection of the assessments by suits in chancery court.

One of the public roads to be constructed is the one between the towns of Winchester and Tillar, running parallel with the lines of railroad of the St. Louis, Iron Mountain & Southern Railway Company, and authority was also given in the act creating the Arkansas-Louisiana district to build this road if the plans for its improvement were not filed by the Desha-Drew District before August 1, 1917. The present statute was approved and became effective a week later than the statute creating

the Arkansas-Louisiana district, and as it contains no restrictions in regard to the time when the plans must be made by this district, it must be treated as having eliminated the specification of time in the other statute.    This feature of the two statutes is referred to in the opinion of *Bennett* v. *Johnson.*    The power of this district to construct that road is not limited in point of time to the date specified in the other statute.

Concluding that none of the attacks upon the validity of the statute are well founded and that the chancellor erred in his decree declaring it invalid, the decree is reversed and remanded with directions to dismiss the complaint.

HART, J., dissents.