MARSHALL v. BAUGH.

## Opinion delivered March 4, 1918.

1. STATUTES—PASSAGE OF LEGISLATIVE ENACTMENT—CLERICAL MISPRISON—NUMBER OF THE BILL.—A bill was numbered 346 and as such read twice. On another day's proceedings it appeared that House Bill No. 246 was read the third time and placed on final passage and passed. The journals of the House properly recited the title of the bill, the only defect being in stating the number. *Held*, the error was merely a clerical misprison, not affecting the validity of the act, as an examination of the whole of the legislative records show clearly that every constitutional requirement was observed in the passage of the bill through both houses of the Legislature.

2. IMPROVEMENT DISTRICTS—BOUNDARY—DESCRIPTION—LAND OUTSIDE THE DISTRICT—ROADS.—By a single act three road improvement districts were organized in St. Francis County. The one in controversy was described as lying east of the St. Francis River, and south of the Rock Island Railroad. In designating the road, lands were mentioned outside the district. *Held*, such description did not render the district invalid.

3. IMPROVEMENT DISTRICTS—ASSESSMENTS—ACTS OF COMMISSIONERS.—In the organization of a road improvement district by special statute, where the Legislature did not undertake to determine the extent of the benefits, the authority of the commissioners to determine the benefits being complete, their action will not be disturbed in the courts unless there has been an arbitrary abuse of the power thus vested in the commissioners.

4. IMPROVEMENT DISTRICTS—ERRONEOUS ASSESSMENTS—PRACTICE.—If commissioners of an improvement district make an erroneous assessment, or an arbitrary one, that would not defeat the organization of the district, but the commissioners should be compelled to make new assessments.

Appeal from St. Francis Chancery Court; *Edward D. Robertson*, Chancellor; affirmed.

*Mann, Bussey & Mann,* for appellants.

1. The act embraces territory outside the district.

2. The act was not properly passed.

3. Benefits were not properly assessed. The action of the commissioners was arbitrary and unequal.

*Morrow & Harrelson,* for appellees.

1. The act is valid. No lands outside the district were included. 130 Ark. 70; 92 Ark. 99.

2.   The act was properly passed by both Senate and House.   The journals show this.

3.   The method of assessing benefits does not affect the validity of the act or district.

*S. S. Hargraves,* for districts 1 and 2.

1.   The act was legally passed and is not invalid. 103 Ark. 110.

2.   The findings of the chancellor are correct.

McCULLOCH, C. J.   A special statute creating three separate road districts in St. Francis County was enacted by the General Assembly of 1917.   Each of the districts covers separate territory and was created to improve certain roads.   One district covers all of the county west of the St. Francis river, and certain public roads therein are to be improved.   Another district covers the territory east of the St. Francis river and north of the line of railroad of the Chicago, Rock Island & Pacific Railroad Company.   Certain public roads are to be improved in that district.   The third district covers the territory east of the St. Francis river and south of the line of said railroad.   The three districts are entirely separate and distinct, each for the improvement of different roads, which are to be improved at the expense of property owners in the respective districts.   An attack is made in this suit on the validity of the statute and the proceedings thereunder so far as relates to the third district.

(1)   The first point of attack is that the statute was not legally enacted for the reason that the journals of the House of Representatives fail to show that it was read on different days.   The only defect in the legislative records concerning the passage of this bill is that the journals of the House, where the bill originated, do not give the correct number of the bill showing its third reading and final passage.   The bill was numbered 346, and the journals of the House show that it was introduced and on a certain day read twice, the rules being suspended, but on another day's proceedings it

appears that House Bill No. 246 was read the third time and placed on its final passage, and passed. The journals of the House properly recited the title of the bill, and the only defect was in stating the number. There is a slight discrepancy in the Senate journals concerning the correct title of the bill, but this, as well as the error in the House journals as to the number of the bill, merely constituted a clerical misprision, which does not affect the validity of the statute, as an examination of the whole of the legislative records show very clearly that every constitutional requirement was observed in the passage of the bill through both houses of the Legislature. *Butler* v. *Kavanaugh,* 103 Ark. 109; *The Mechanics Building & Loan Association* v. *Coffman,* 110 Ark. 269.

(2) It is next contended that the statute is void so far as it relates to this district because it authorizes the construction of a road extending outside of the territorial boundaries of the district. The designation of the road in question is in the following language:

"Also the public road beginning at a point where the road from Madison through Widener to the Crittenden county line crosses the line between township 5 north, range 4 east, and township 5 north, range 5 east, thence in a northerly direction through sections 25, 24, 13, 12, 1, township 5 north, range 4 east; sections 30, 18, 7, 6, township 5 north, range 5 east and terminating at a point on the Chicago, Rock Island & Pacific Railway at or near the town of Round Pond." Acts of 1917, Vol. 1, page 819.

All of the sections of land described above lie south of the railroad and are in the district, except section 1, in township 5 north, range 4 east, and section 6 in township 5 north, range 5 east. Those two sections are north of the railroad and are, therefore, within the boundaries of district No. 2. The manifest purpose of the law-makers was to authorize the construction of that portion of the road within the boundaries of the district and that the improvement should terminate at the rail-

road which forms one of the boundaries. The two sections mentioned above which lie outside of the district were either mentioned by inadvertence or they were described merely as part of the description of the road, and not the extent to which the road was to be improved. It seems clear that no authority was conferred to carry the improvement further north than the railroad.

(3-4) The last attack made in the case on the proceedings relates to the assessments of benefits. It is alleged that the commissioners have assessed no benefits on lands situated more than three miles from either of the roads to be improved, and that for that reason the assessments should be treated as arbitrary and unjust thus making the burden too heavy on the lands nearer the road. The law-makers prescribed the boundaries of the district and the roads to be improved, but left it to the commissioners of the district to assess the benefits to be derived from the several improvements. The Legislature did not undertake to determine the extent of the benefits and since the authority of the commissioners to determine the benefits is complete, their action will not be disturbed in the courts unless there has been an arbitrary abuse of the power thus vested in the commissioners. The statute provides that the commissioners shall assess the benefits and give notice thereof so that the property owners may be given a hearing, and further provides that any persons who feel aggrieved by the action of the commissioners may sue in the chancery court to set aside the assessments at any time within thirty days after the hearing before the commissioners, and that if the assessments of benefits "shall be found invalid by the court, within the time limited, the commissioners of the district in which such invalid assessments of benefits or damages was made, shall proceed to make another assessment of that tract or parcel of real property under the direction of said court; and if the entire assessment in either of said districts is set aside by any court, the commissioners thereof shall proceed to make a new assessment in the manner and after

the notice herein provided for the original assessment."
Sec. 12.

If the commissioners made an erroneous assessment,
or even an arbitrary one, that would not defeat the
organization of the district, but the commissioners should
be compelled to make new assessments. However, it is not
proved in the present case that the assessments were
arbitrary and unreasonable, nor can we say from the face
of the assessment that it is not fair and just. The ex-
clusion of lands lying three miles or more distant from one
of the roads to be improved, or rather the finding that
such lands would not derive any substantial benefits from
the improvement, can not be said to be obviously er-
roneous.

Neither the validity of the statute, nor the proceed-
ings thereunder, is attacked in any other respect.

Decree affirmed.