JOHNSTON *v.* BRAMLETT.

4-4514

Opinion delivered October 26, 1936.

*Golden Blount, C. E. Yingling* and *Culbert L. Pearce,* for appellants.

*E. W. Price,* for appellees.

MEHAFFY, J.   On March 28, 1936, the appellants and others filed petitions, containing 1,395 names, in the White county court, praying that there be submitted to

the vote of the qualified electors of the county on Tuesday, June 9, 1936, the question whether or not spirituous, vinous or malt liquors shall be sold in and throughout White county, Arkansas.

It was alleged that the petitioners were in number more than 35 per cent. of all the qualified electors of the county, and in all respects complied with article 7 of act 108, p. 290, of the Acts of 1935.

On the same day that the petitions were filed, petitioners caused to be published over the signature of the county clerk a notice to the effect that petitions had been filed containing 1,319 signatures, praying the submission of said question and that the matter of the sufficiency of said petitions would be heard in the county court on the first day of its next regular term. The notice was published in the Daily Citizen on March 8, and in the Weekly Citizen on April 2, 1936. On April 4, additional petitions were filed which increased the number of signers to 1,395. On April 6, 1936, the first day of the April term of county court, an order was made to the effect that a complete examination had been made by the court, and the court found the petitions in proper form, and signed by more than 35 per cent. of the qualified voters of the county, and that the petitioners were entitled to have the proposition submitted to the people of the county on June 9, 1936, as prayed. A special election was ordered for June 9, and the election commissioners were directed to place on the printed ballots the ballot title proposed, which was as follows:

"For the sale, barter and loan at wholesale and retail of spirituous, vinous and malt liquors by dispensaries, hotels, restaurants, clubs, and other dealers in White county, Arkansas.

"Against the sale, barter and loan at wholesale and retail of spirituous, vinous and malt liquors by dispensaries, hotels, restaurants, clubs, and other dealers in White county, Arkansas.

On April 15 and 29, and on May 6 and 13, 1936, the sheriff of White county published a notice or proclamation containing a full and complete copy of the order of

April 6, and informing the electors of the county that said election would be held on June 9 according to law and the provisions of said order.

On the same day that the petitions were filed the petitioners caused to be published, over the signature of the county clerk, a notice to the effect that the matter of the sufficiency of said petitions would be heard in county court on the first day of its next regular term. This notice was published on March 28 and April 2; and the first day of the regular term of court thereafter was April 6, 1936. No objections or protests were filed, no one appeared to contest the petition, and no one claimed at that time that the petitions did not contain the signatures of 35 per cent. of the electors. Under the law, persons opposed to the petition had a right to be heard on the sufficiency of the petition, and had notice of the hearing.

The record shows that the court made a complete examination, and found that the petitions were in proper form and were signed by more than 35 per cent. of the qualified electors. The court thereupon made an order calling a special election for June 9, 1936, which was more than sixty days after the order of the county court calling an election, and after the hearing on the sufficiency of the petition. Nothing was done by appellees during this time. The election was held and on June 12, the board of election commissioners canvassed the returns and certified the result. The commissioners found that 919 legal votes were cast for the sale, barter and loan of liquors, and 1,006 legal votes were cast against the sale; finding that there was a majority of 87 votes cast against the sale of liquors, and the board so certified. On July 6, 1936, the first day of the July term of the county court, an order of the court was made declaring that a majority of 87 votes were in favor of prohibiting the sale of liquors in White county, and ordered that no liquor license or permit should be issued for the sale of liquor in White county.

On July 21, 1936, the appellees filed an affidavit and prayer for appeal. The appellants, on July 29, 1936,

filed motion in the circuit court to dismiss the appeal and also filed a demurrer on the ground that the affidavit and prayer for appeal did not state a cause of action or grounds sufficient for an appeal.

On July 29, 1936, the circuit court overruled appellants' motion and demurrer, and on August 20 the circuit court entered a judgment to the effect that the orders made by the county court were void, and that the acts of the sheriff and election commissioners were void, and canceled and set aside the judgment of the county court and the acts of the commissioners and sheriff. Motion for new trial was filed and by the court overruled, and the case is here on appeal.

It is first contended by the appellees that act 108, p. 258, of the Acts of 1935, providing for local option, is in conflict with Amendment No. 7 to the Constitution, and is therefore void.

Amendment No. 7 to the Constitution has no application. This is not an initiated act as provided for in that amendment. It is merely a submission to the legal voters of the county on the question of the sale of liquor, and is more in the nature of a referendum than an initiative petition. The law requires that the county court, when a petition containing 35 per cent. of the legal voters is signed and filed, make an order for an election for the purpose of taking the sense of the legal voters of the county who are qualified to vote at elections of county officers.

"The Legislature cannot delegate the power to make laws, but it can make a law to delegate the power to determine some facts or state of things upon which the law makes, or intends to make, its own action depend.

"Under the act in question, upon the petition of a majority of the adult residents of a township in which there is an academy, etc., the county court makes an order preventing the sale, etc., of liquors, etc., within three miles of such academy, etc., under the penalty prescribed by the act." *Boyd* v. *Bryant*, 35 Ark. 69, 37 Am. Rep. 6.

While the Legislature cannot delegate the power to make a law, it can make a law to delegate the power to

determine certain facts. We are of opinion that in act No. 108 the Legislature did not delegate the power to make a law and did not intend to do so, but that it made a law and delegated the power to the people of the county to ascertain certain facts upon which the law makes its action depend. *Nall* v. *Kelley,* 120 Ark. 277, 179 S. W. 486; *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92.

There is no conflict between this law and the Constitution. This is not an election provided for by the Constitution, and the provisions of the Constitution cited have no application.

Appellees next contend that the provisions of §§ 1 and 2 of act No. 108 are mandatory. They first argue that they are mandatory before the election, but they also contend that they are mandatory after the election. The petition was filed, notice was given of the time and place that a hearing would be had on the sufficiency of the petition. Appellees' remedy would have been to appear at the hearing and present their objections. Having failed to do this, they cannot now object to the insufficiency of the petition.

We said in a recent case: ''It therefore appears that after a question is submitted to and voted upon by the people, the sufficiency of the petition is of no importance. It is not important because, whether sufficient or insufficient, if the measure is adopted by the people at the election, it becomes the law.'' *Beene* v. *Hutto,* 192 Ark. 848, 96 S. W. (2d) 485.

We have no means of knowing from the record what evidence the county court heard, but the record does show that the court examined the petitions, found they were in proper form, and signed by more than 35 per cent. of the qualified electors. Upon what evidence the court based its judgment we cannot tell from the record. Act No. 108 prescribes no method or rule by which to determine the sufficiency of the petition.

The appellees had a right to contest the sufficiency of the petition at the hearing, and it was their duty to do so if they thought the petition was insufficient. Then, if the election was void for that or any other reason, act

No. 108 provides that said election may be contested as therein provided. This act not only provides for a contest of the election, but provides that either party, contestants or contestees, shall have the right of appeal. Appellees, however, did not contest the election, and they cannot now complain either as to the sufficiency of the petition or any other irregularity which they might have litigated in a contest. *Freeman* v. *Lazarus*, 61 Ark. 247, 32 S. W. 680.

The judgment of the circuit court is reversed and remanded, with directions to the circuit court to grant appellants' motion to dismiss the appeal.

BUTLER, J., dissents.

BUTLER, J. (dissenting). The contention that section 1, article 7, of act No. 108, p. 290, of 1935, conflicts with amendment No. 7 of the Constitution is blandly dismissed by the opinion with, "This is not an initiated act as provided for in the amendment. It is merely a submission to the legal voters of the county on the question of the sale of liquor and is more in the nature of a referendum than an initiative petition." I would have been glad to have been informed as to just why the election held to determine whether liquor should or should not be sold in White county was not an initiated measure and in what respects it is "more in the nature of a referendum," rather than have to content myself with a mere *ipse dixit*. Without enlightenment, I am unable to perceive in what respect it differs from an initiated measure and in what particular it is in "the nature of a referendum."

On March 28, 1936, certain persons who represented themselves as qualified electors filed a petition praying that a special election be held in White county to determine whether or not spirituous, vinous, or malt liquors be sold in that county. The election was held as prayed, resulting in prohibition of the sale of liquor being voted. Prior to that date, by operation of a general law, the sale of liquor in White county was authorized.

The effect of this was to legislate locally for White county which could only be accomplished by authority of amendment No. 7 and was and could only have been an

initiated measure to be submitted at a regular election. Therefore, that part of act 108 of the Acts of 1935 providing the measure be submitted at a special election is in direct conflict with the plain mandate of the Constitution.

The law authorizing the sale of liquor throughout the state was enacted at the legislative session of March 16, 1933. That part of the I. & R. Amendment (No. 7) providing for a referendum "against any general act, or any item of an appropriation bill, or measure passed by the General Assembly" directs the manner and method by which the "referendum" may be invoked. Among the acts directed is that it shall be by petition filed with the secretary of state not later than ninety days after final adjournment of the Legislature. The Legislature itself cannot provide for the referendum, for the only power and authority for such a proceeding or for the initiation of a measure must be found in the language of amendment No. 7. Therefore, the local option features of act No. 108, *supra,* conferred no authority on the people not already possessed by them nor could it prescribe a method for the exercise of that authority different to that named in the Constitution.

I think the trial court's judgment should be affirmed; and I, therefore, dissent.