MERRITT *v.* No FENCE DISTRICT No. 2, JEFFERSON COUNTY.

4-7155                                    172 S. W. 2d 684

Opinion delivered June 28, 1943.

*R. A. Zebold,* for appellant.

*A. F. Triplett,* for appellee.

SMITH, J. In 1917, the General Assembly by act 299 (Acts 1917, p. 1555) created a no fence district north of the Arkansas river in Jefferson county. In 1921, by act 588 (Acts 1921, p. 1152) the boundaries of this district were extended so as to include in the district all that part of Jefferson county north of the Arkansas river except three small areas, the largest comprising six square miles.

These acts provided that the district should construct a boundary fence along the exterior lines of the district and these fences were built within a reasonable time after the passage of each of said acts. Construction costs were paid from the proceeds of a bond issue. The bonds have long since been retired, and for some years only a maintenance cost of about one cent per acre per annum has been assessed and collected on the lands in the district.

Property owners in the three areas above referred to have now petitioned the commissioners of the district to extend the boundaries thereof so as to include these omitted areas in the district thus making the district include all of Jefferson county north of the Arkansas river.

Suits were filed in the chancery court by two landowners, one of whom owns land in the existing district and the other is the owner of land which will be included in the district if its boundaries are extended, praying that the boundaries of the district be not extended to include these three areas.

The court declined to enjoin the commissioners of the district from extending its boundaries as prayed in the original petition of the landowners, and from that decree is this appeal.

Two questions are presented. First, whether act 163 of the Acts of 1943 amends act 466 of the Acts of 1941, or amends act 467 of the Acts of 1941; and second, whether if the 1943 act amends act 466 of the Acts of 1941, the acts as thus amended confer the authority which the commissioners of the district propose to exercise.

Act 466 of the Acts of 1941 reads as follows:

"Section 1. That in all cases where two or more fence or no fence districts adjoin at one or more points it shall be unnecessary for either or any of such districts to construct or maintain a boundary fence at the point or points where such districts adjoin each other.

"Section 2. That in all such cases all of the provisions of the law under which each of such adjoining districts is operating shall be applicable to said districts, despite the fact that there is no boundary fence at the point where such districts adjoin."

Act 163 of the Acts of 1943 reads as follows:

"Section 1. That § 1 of act 467 of the General Assembly of the state of Arkansas of the year 1941 be amended to read as follows: That in all cases where two or more fence or no fence districts adjoin at one or more points it shall be unnecessary for either or any of such districts to construct or maintain a boundary fence at the point or points where such districts adjoin each other. That the terms fence district and no fence district shall mean any territory within which the running at large of stock or animals of any kind is prohibited, regardless whether the same is termed fence district, no fence district, stocklaw district, or any other name."

A second § of act 163 of the Acts of 1943 contains an emergency clause making the act effective from and after its passage. We do not, therefore, consider the second section of act 163 in answering the first question above stated. Section 1 of act 466 of the Acts of 1941 consists

of a single sentence. Section 1 of act 163 of the Acts of 1943 recites "That § 1 of act 467 of the General Assembly of the state of Arkansas of the year 1941 be amended to read as follows:" and there follows a sentence identical with § 1 of act 466 of the Acts of 1941. The amendment of § 1 of act 466 of the Acts of 1941 consists in the addition of a second sentence making the law as amended applicable to all fence districts by whatever name they may be called, whether fence districts, stock law districts, or such districts by any other name.

An examination of act 467 of the Acts of 1941 makes the fact entirely certain that act 163 of the Acts of 1943 was not intended to amend act 467. Act 467 is "An act to add a road to the state's highway system" and it is obvious that act 163 of the Acts of 1943 has no relation whatever to that subject. All the legislation here involved would be rendered meaningless and ineffective if it were not held that the reference to § 1 of act 467 was merely a clerical and typographical error, and that § 1 of act 466 was intended to be amended and not § 1 of act 467 and we, therefore, hold that the Act of 1943, *supra,* amended § 1 of act 466 of the Acts of 1941. The following cases afford full authority for this holding: *Hughes* v. *Kelly,* 95 Ark. 327, 129 S. W. 784; *Butler* v. *Board of Directors of Fourche Drainage District,* 103 Ark. 109, 146 S. W. 120; *Ramsey* v. *Farmer,* 109 Ark. 556, 160 S. W. 516; *Marshall* v. *Baugh,* 133 Ark. 64, 201 S. W. 808; *Desha-Drew Road Imp. Dist. No. 1* v. *Taylor,* 130 Ark. 503, 197 S. W. 1152; *Rayder* v. *Warrick,* 133 Ark. 491, 202 S. W. 831.

The case of *Desha-Drew Road Imp. Dist. No. 1* v. *Taylor, supra,* involved the validity of an act creating a road improvement district. The only entry on the journals of the Senate in regard to the final passage of this bill referred to it as "An act authorizing guardians, curators and wards to extend and renew notes, bonds, deeds of trust and mortgages of real estate." It was said that this was a mere clerical error and was ignored as such.

In the case of *Wilson* v. *U. S.,* 77 Fed. 2d 236, in which certiorari was denied by the Supreme Court of

the United States, 295 U. S. 759, 55 S. Ct. 926, 79 L. Ed. 1701, a headnote reads as follows: "All laws are to be given sensible construction, and literal application of statute which would lead to absurd consequences should be avoided whenever reasonable application can be given consistent with legislative purpose."

Having concluded that the commissioners of the district have the authority conferred by act 466 of the Acts of 1941, as amended by act 163 of the Acts of 1943, we proceed to consider the second question above stated, that is, whether the commissioners have the authority to enlarge the boundaries of the district.

Now, the authority for the action which the commissioners have been petitioned to take, if it exists, is not conferred by the Acts of 1941 or 1943, *supra,* but is derived from the Acts of 1917 and 1921, *supra,* which authorize the creation of the district. If they have the power to enlarge the district, as is proposed, then the provisions of the Acts of 1941 and 1943 become applicable when that action has been taken.

By § 1 of the Act of 1917 it is provided "That the commissioners shall have authority to exclude any tract or parcel of land now included in this district, or to include within said territory any other adjacent lands, if they shall deem it to the best interest of the district, and the owners of the territory so excluded or included, before the fence provided for in this act shall be erected."

It is stipulated that this power was exercised and certain lands were included and certain others were excluded from the district. This action was, of course, subject to review and so far as the record shows may have been reviewed in the courts. If that right was exercised it must be assumed that this inclusion and exclusion of lands was found to be to the best interests of the district and to the owners of the land included or excluded as the case may have been. The same power to exclude and include lands was given by § 1 of Act 588 of the Acts of 1921.

If this power may be conferred at all it is a continuing power. The commissioners of the district are

charged with the duty of maintaining the fences of the district and assessing such taxes as may be required for that purpose. The power conferred upon the commissioners was not one which was exhausted by its first exercise, but it is like unto that of the commissioners of a levee district who are under the continuing duty of maintaining the levees of the district. *West* v. *Cotton Belt L. D. No. 1,* 116 Ark. 538, 173 S. W. 403.

It is objected that if it be held that the Acts of 1917 and 1921 confer power upon the courts to change the lines of the district by including or excluding lands the act is void as delegating legislative power.

The case chiefly relied on to sustain that contention is that of *Johnston* v. *Bramlett,* 193 Ark. 71, 97 S. W. 2d 631. Cases were there cited in which it had been held that "the Legislature cannot delegate the power to make laws, but it can make a law to delegate the power to determine some facts or state of things upon which the law makes or intends to make its own action depend."

It was said in the case of *Common School Dist. No. 42* v. *Stuttgart Special School Dist. No. 22,* 187 Ark. 119, 58 S. W. 2d 680, to quote a headnote, that: "The Legislature is vested with full authority to create school districts and change their boundaries at will, and may delegate this authority to any inferior department of the government."

Section 133 of the chapter on Constitutional Law, 16 C. J. S., discusses the subject of the delegation of legislative power and after stating that the doctrine had long been, and is, well established that functions strictly and exclusively legislative, such as making the law, cannot be delegated, it was further said: "However, any power not legislative in character which the Legislature may exercise it may delegate, and before a court can properly hold that a statute is void as unconstitutionally delegating legislative power, it must clearly appear that the power in question is purely legislative, and it must appear to what person or body such power is delegated."

In this connection it may be said that the protesting landowners who brought this suit do not question that it

will be to the interest of the district, and that of the property owners therein, and to their own interest, to have the district enlarged. Had they wished to raise that question, they might have done so within the time allowed by § 39 of the Act of 1917, or they might have had a hearing as to what, if any, benefits should be assessed against their lands under the provisions of § 20 of the Act of 1917. The question which the two landowners do raise is that of the power of the commissioners to enlarge the district.

In our opinion the following cases sustain the holding that the exercise of this power is not a delegation of legislative authority. *Cribbs* v. *Benedict,* 64 Ark. 555, 44 S. W. 707; *Caton* v. *Western Clay D. D.,* 87 Ark. 8, 112 S. W. 145; *State* v. *Martin,* 134 Ark. 420, 204 S. W. 622; *State* v. *Davis,* 178 Ark. 153, 10 S. W. 2d 513.

The case of *Harrington* v. *White,* 131 Ark. 291, 199 S. W. 92, involved the constitutionality of a special act (Acts 1915, p. 676) which permitted the electors of three or more townships to vote on the question whether stock should be permitted to run at large in those townships. The act was attacked as a delegation of legislative authority, but it was held not to be, and the cases of *Boyd* v. *Bryant,* 35 Ark. 69, 37 Am. Rep. 6, and *Nall* v. *Kelley,* 120 Ark. 277, 179 S. W. 486, were cited to support that holding.

We conclude that the decree of the court below dismissing the complaint as being without equity is correct, and it is, therefore, affirmed.