Barry Lee FAIRCHILD *v.* STATE of Arkansas

CR 83-145                                    690 S.W.2d 355

Supreme Court of Arkansas
Opinion delivered June 6, 1985

*Joe O'Bryan,* for appellant.

*Steve Clark,* Att'y Gen., by: *Jack Gillean,* Asst. Att'y Gen., for appellee.

PER CURIAM. Petitioner Barry Lee Fairchild was found guilty by a jury of capital murder and sentenced to death by electrocution. We affirmed. *Fairchild* v. *State,* 284 Ark. 289, 681 S.W.2d 380 (1984). The United States Supreme Court denied certiorari. *Fairchild* v. *Arkansas,* No. 84-6284 (United States Supreme Court May 13, 1985). Execution is set for June 21, 1985. Petitioner seeks a stay of execution and permission to proceed in circuit court for postconviction relief pursuant to A.R.Cr.P. Rule 37. The sole ground for relief is that it is cruel and unusual punishment for him to die by electrocution when other prisoners condemned to death are entitled to be executed by lethal injection pursuant to Act 774 of 1983. Ark. Stat. Ann. § 41-1352 et seq. (Supp. 1983). Petitioner does not otherwise question the legality of the judgment or sentence.

Petitioner concludes that he is excluded from execution by lethal injection because he interprets Ark. Stat. Ann. § 41-1353 to provide that the provisions allowing for death by lethal injection apply only to capital offenses committed after July 4,

1983, the effective date of the law. He contends also that § 41-1354, which permitted defendants under sentence of death by electrocution at the time the Act was passed or any defendant sentenced to death by electrocution prior to the effective date of the Act to elect to be executed by lethal injection, does not apply to him because he committed capital murder on February 26, 1983 but was not sentenced until August 2, 1983.

Petitioner has misconstrued the intent of Act 774. Even though a literal reading of the Act might lead to the conclusion he has reached, we have long held that the basic rule of statutory construction, to which all other interpretative guides are subordinate, is to give effect to the legislative intention. *Hice v. State*, 268 Ark. 57, 593 S.W.2d 169 (1980); *Holt v. Howard*, 206 Ark. 337, 175 S.W.2d 384 (1943). Penal statutes are not to be so strictly construed as to produce a result which would lead to consequences which do not reflect the obvious intent of the legislature. *Merrit v. No Fence Dist. No. 2, Jefferson County*, 205 Ark. 1129, 172 S.W.2d 684 (1943). Common sense must prevail where the result of a literal application of a statute would be to single one person out for disparate treatment as to the method of execution. Since a reasonable interpretation of Act 774 is that the legislature intended to give all condemned persons who would otherwise be sentenced to death by electrocution a choice between death by electrocution and lethal injection, we conclude that petitioner is entitled to elect to be executed by lethal injection in accordance with Ark. Stat. Ann. § 41-1354. In all other respects the petition is denied.

Petition granted; stay of execution denied.