## EVINS v. BATCHELOR.

Opinion delivered January, 1896.

SCHOOL DISTRICT—ORGANIZATION.—An agreed statement, in an action to enjoin persons from acting as directors of a school district, that the district had been organized in the manner provided by law is conclusive as to the legal formation of the district.

NEW DISTRICT—APPORTIONMENT OF FUNDS.—The fact that an apportionment of school funds of the original district was made to a new school district before its organization was complete does not affect its right to such apportionment, it being provided by Sand. & H. Dig., sec. 6992, that, on the formation of a new school district, any surplus funds shall be apportioned between the old and new districts.

Appeal from Yell Circuit Court in Chancery, Dardanelle District.

JEREMIAH G. WALLACE, Judge.

STATEMENT BY THE COURT.

Appellees filed their complaint in the court below on the 21st day of February, 1894, against the appellants, alleging that the plaintiffs were directors of school district 54, within which lay a part of the incorporated town of Mt. Nebo; that H. C. Cunningham, mayor of that town, had in 1893, in compliance with a petition signed by twenty persons, ordered an election as to the formation of a single school district in the town; which election was held in the same year; that, in consequence of this proceeding, Mt. Nebo was always afterwards held to be a single school district, the appellants having been elected as directors thereof; that in this

way two sections of land had been taken from school district 54, and had been made a part of the Mt. Nebo district; that the organization of the latter district was illegal, because Cunningham, the mayor, did not live in Mt. Nebo, but lived in Dardanelle; and that neither he, nor the persons signing the petition, nor the persons voting at the election were electors or residents of Mt. Nebo; that there were not twenty persons living there, nor were there in this single district the number of persons of scholastic age required by law for the formation of a new district; that the school tax collected from the two sections named had been appropriated to the Mt. Nebo district; and that a part of it had been used in buying a school house. Prayer that defendants be enjoined from acting as directors; that the sections of land be restored to district No. 54; that the title to the property bought by the defendants be vested in that district, or that the money with which it was bought be repaid.

To this complaint a demurrer was sustained. Plaintiffs then filed a second petition, setting up the same facts, and saying that the county court granted the order of incorporation of Mt. Nebo prayed for, through ignorance of the facts thus alleged; that the election for directors was held in July, 1893; that the petitioners, electors and directors of Mt. Nebo, not being residents or electors of the Mt. Nebo territory, acted fraudulently in getting up the pretended corporation for the purpose of avoiding the payment of the school tax in district 54; that the petition for incorporation was filed in the county court at its October term, 1892, and that the prayer of the petition was granted by the court at its January term, 1893; that the petition did not contain the number of names required by law; that the order, and the petition on which it should have been endorsed, were never recorded, nor were

certified copies thereof furnished to the agent of the petitioners and to the secretary of state nor was the original petition on file with the recorder at the time of the formation of the new school district; that the money received by the Mt. Nebo district was apportioned June 30, 1893, whereas that district was not formed until July, 1893; that, after the order of the county court was made, the plaintiffs appealed from it, but that they dismissed their appeal in consideration of a promise made by Evins, the agent of the petitioners, that the incorporation should not interfere with district 54, which should have all the funds then in the hands of the directors, which promise had not been kept. Prayer as before. A temporary injunction was issued, restraining the appellants from acting as directors.

The defendant answered, denying that the petition and order of incorporation were not recorded as required by law; that certified copies thereof were not furnished to the agent of the petitioners, and filed with the secretary of state. They file copies of these, and plead them as *res judicata*. They also assert that more than one month elapsed from the time that the two certified transcripts of the record of the incorporation of Mt. Nebo were made out,—one of which was forwarded to the secretary of state, and the other delivered to the agent or agents of the petitioners,—and the commencement of this suit.

The amended petition also alleges that petitioners to the county court for the order incorporating the town of Mt. Nebo perpetrated a fraud on the court when they represented themselves to be residents of the territory to be incorporated, when, as a matter of fact, a large majority of said petitioners were residents and qualified electors of the town of Dardanelle, and therefore the town of Mt. Nebo has never had any legal existence. It also alleges that the persons who peti-

tioned the mayor of the town of Mt. Nebo to hold an election for the purpose of organizing a single school district were not electors residing in said town, but were voters and residents of Dardanelle, Little Rock and other places ; that there were not at the time said district was formed, are not now, nor have there ever been, twenty voters residing in said town of Mt. Nebo, nor thirty-five persons of scholastic age residing in said district, as the law requires ; that, after the pretended incorporation of said town, and before the pretended formation of said school district, W. R. Hayden, county clerk of Yell county, at the request of the agent of said incorporation, apportioned to said school district of Mt. Nebo the special school tax collected upon section 29 and 32, amounting to about $228 ; and that after the formation of the district the directors purchased a house, etc.

The petition for incorporation, (describing the territory, accompanied by a map), appointing appellant Evins to act as agent for petitioners, is signed by twenty-two persons, described as citizens and electors of the county and inhabitants of the territory thus described. The order granting the petition is dated January 3, 1893, and recites that due and lawful notice of the time of the hearing of the petition had been given by the petitioners. The certificate of the clerk and the recorder shows that the petition and the order were filed in his office on the 8th day of February, 1893.

There was an agreed statement of facts, to this effect : That the petition was made and filed as above stated, and that the order of incorporation was made ; that on the 17th day of October, 1892, Evins, as agent of the petitioners, published in a newspaper published in the county a notice containing the substance of the petition, and stating the time and place for the hearing thereof ; that at the January term, 1893, the county court granted the prayer of the petition, making the

order for the incorporation of Mt. Nebo, which was indorsed on the petition; that the petition, order and map were by the county court delivered to the recorder of the county of Yell in the Danville district on the 8th day of February, 1893, and were duly recorded, the originals being filed and preserved by him in his office; that said recorder, from his office at Danville, in said county, certified two copies of these records, one of which he mailed to the secretary of state on the 10th day of February, 1893, which arrived at his office by due course of mail, and is now on file in the office of said secretary of state, and that the recorder delivered the other copy to said Evins, agent as aforesaid, with his certificate thereon that a like copy had been by him forwarded to the secretary of state; that a certified copy of the same record was filed in the recorder's office at Dardanelle, in the Dardanelle district, on the 14th day of February, 1893, and was there recorded; but that in recording it the recorder omitted the names of three of the persons who signed the petition, and omitted to send a copy of the record to the secretary of state; that in June, 1893, Evins, as agent as aforesaid, gave due and lawful notice of the time and place of holding the first election in the incorporated town, and that officers were duly elected; that on the 20th day of July, 1893, the town organized itself into a single school district, in the manner provided by law; that the plaintiffs have never been residents of Mt. Nebo; that most of the petitioners for its incorporation only live in Mt. Nebo during the summer, it being a summer resort; that during the summer it has a population of from 400 to 1,000, and that during the rest of the year not more than twelve persons reside in the town; that only two of the petitioners resided permanently in Mt. Nebo, but the others had summer residences there; that since its incorporation the place has never had

more than twenty permanent residents; that only one of the defendants was a permanent resident; but that, when the petition was signed, there were more than 100 visitors living at Mt. Nebo; that the new school district assumed jurisdiction over a part of the territory of district 54, and appropriated funds amounting to $225; that Mt. Nebo is in Dardanelle district in Yell county. This was all the evidence in the case.

On final hearing the court made the injunction perpetual, and gave plaintiffs a decree for $225. Defendants appealed.

*Bullock & Hart* and *Rose, Hemingway & Rose*, for appellant.

The existence of the Mt. Nebo school district, or corporation, cannot be collaterally attacked in this way, or any other way. The only remedy is by *quo warranto* in name of the state. 2 High, Inj. sec. 1261; 1 Dill. Mun. Corp. sec. 43 *a;* Cooley, Const. Lim. 309; 47–269; Sand. & H. Dig. sec. 7107; 32 Ark. 137. But the agreed statement of facts stipulates that the district was organized "in the manner provided by law," and this eliminates all question as to the legality of the district.

*Robert Toomer*, for appellees.

1. The act of the clerk in apportioning funds to a district not in existence was illegal. Sand. & H. Dig. secs. 6991, 6992.

2. The order of incorporation was procured by fraud, and can be attacked collaterally. Freeman, Judg. (3 ed.) secs. 336, 489, 491; 36 Ark. 533; 8 Am. & Eng. Enc. Law, 642, and note; 12 *id.* 147 *s*, 148 *g*.

3. Sand. & H. Dig. sec. 5247 was never complied with. *Id.* sec. 7089.

Validity of organization of school district.

HUGHES, J., (after stating the facts). The agreed statement of facts in this case states "that on the 20th

day of July, 1893, the town organized itself into a single school district, in the manner provided by law." This is conclusive in this case that the Mt. Nebo school district was legally formed. The fact that, after the incorporation of the town, and before the formation of the Mt. Nebo single school district, the clerk apportioned to it $225, though irregular, will not deprive that district of the apportionment, as it is provided by section 3, act of April 8th, 1887, now section 6992, Sandels & Hill's Digest, that "in case there be a surplus fund on hand at the time of the formation of said district [a new district], it shall be entitled to a proportionate part of said fund, the same to be ascertained and determined by the county court of the county in which said new district may be created, as in the judgment of said court may be right and proper."

The district, when formed, was entitled to the apportionment, and it was not proper to deprive it of it because it was made before the district was formed. *Apportionment of funds to new school district.*

The decree is reversed, and the cause is dismissed.