SCHOOL DISTRICT OF HARTFORD v. WEST HARTFORD SPECIAL

SCHOOL DISTRICT.

Opinion delivered January 29, 1912.

1.  SCHOOLS—APPROPRIATION OF SCHOOL TAX.—The provision in art. 14, section 3, of Const. 1874, that a tax levied for school purposes shall not be appropriated "for any other purpose" does not mean that a tax voted for school building purposes shall not be appropriated for any other school purpose, but only that it shall be used for school purposes. (Page 263.)

2.  SAME—APPROPRIATION OF SCHOOL TAX.—Const. 1874, art. 14, section 2, providing that no school tax shall be appropriated "to any other district than that for which it was levied," does not prohibit the Legislature from providing for an apportionment of school tax collected by a district where a portion of its territory has been annexed to another district.   (Page 263.)

3.  STATUTES—SPECIAL LAWS—LEGISLATIVE POWER.—Const. 1874, art. 5, section 24, forbidding the enactment of special laws "where the courts have jurisdiction to grant the powers or the privileges or the relief asked for," does not refer to jurisdiction granted to courts by the Legislature, but to cases where the courts have jurisdiction, independently of any statute, to grant the relief sought.   (Page 264.)

4.  SCHOOL DISTRICT—VALIDITY OF SPECIAL ACT.—The act of April 17, 1911, providing for the annexation of certain school territory to appellant from appellee, and providing for an apportionment of the school tax raised by appellee between the two districts, is not in viola-

tion of art. 14, section 3, Const. 1874, providing that no tax levied for school purposes be "appropriated to any other purpose nor to any other district than that for which it was levied." (Page 264.)

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland*, Chancellor; reversed.

*George W. Dodd*, for appellant.

The court erred in holding the statute unconstitutional. 24 Ark. 621; 45 Ark. 400; 50 Ark. 513; 60 Ark. 343. The constitutionality of a statute will not be determined if the case can be decided on other grounds. 60 Ark. 221; *Id.* 240; 77 Ark. 383; 79 Ark. 236; 86 Ark. 231. Legislative acts are upheld when possible. 27 Ark. 202; 77 Ark. 250; 86 Ark. 465. The statute is valid, unless prohibited by the Constitution. 60 Ark. 343; 56 Ark. 354.

*Hill, Brizzolara & Fitzhugh*, for appellee.

The act of 1911 is unconstitutional. While a building fund is a fund for school purposes, yet school funds are divided into building funds and teacher's funds. 49 Ark. 94; 70 Ark. 471.

HART, J. Appellee, West Hartford Special School District, was created by a special act of the Legislature at its 1907 session. By a special act approved April 17, 1911, the School District of Hartford, the appellant, was enlarged by the annexation thereto of certain contiguous territory then forming a part of West Hartford Special School District. Section 2 of the act of 1911 provided that the county court of the Greenwood District of Sebastian County should proceed to ascertain, as nearly as possible, the exact amount of revenue paid into the county treasury during the year 1910, "on account of the real estate, personal property, polls and scholastic population embraced within the territory" transferred by the provisions of the act. The section further provided for a transfer of the funds, when so ascertained, from the West Hartford Special School District to the School District of Hartford. Pursuant to the provisions of this act, upon the petition of appellee, the county court proceeded to ascertain the amount of school taxes received from that portion of the territory of appellee district which had been annexed to appellant district and made an or-

der directing the amount so found to be turned over to the credit of appellant district.   Appellee instituted this action in the chancery court against the appellant district and the county judge and county treasurer to enjoin them from transferring said funds to the credit of appellant district.   The chancellor was of the opinion that section 2 of the act of 1911, which conferred upon the county court the authority to ascertain the amount of revenue paid into the county treasury on account of the territory transferred by the terms of the act, and which directed the amount so ascertained to be transferred from the credit of appellee to the credit of appellant district, is in conflict with section 3 of art. 14 of the Constitution, and is therefore void.   A decree was accordingly entered.   To reverse that decree this appeal is prosecuted.

It is contended by counsel for appellee that section 2 of the act of 1911, which provides for an apportionment of the funds between the two districts as above set forth is in violation of section 3, art. 14, of the Constitution, and this view was adopted by the chancellor.   The section is as follows:

"The General Assembly shall provide by general laws for the support of common schools by tax, which shall never exceed in any one year two mills on the dollar on the taxable property of the State, and by an annual *per capita* tax of one dollar to be assessed on every male inhabitant of this State over the age of 21 years.   Provided, the General Assembly may by general law authorize school districts to levy by a vote of the qualified electors of such district a tax not to exceed 7 mills on the dollar in any one year for school purposes.   Provided, further, that any such tax shall not be appropriated to any other purpose nor to any other district than that for which it was levied."

They contend that section 2 of the act of 1911 violates both matters which are forbidden by the last provision of the section quoted.   A tax of seven mills was voted in appellee district in the year 1909, and also in the year 1910; four mills being for the construction of a school house, and three mills for the payment of teachers.   Counsel for appellee urge that the clause, "Provided, further, that any such tax shall not be appropriated to any other purpose," means that a tax voted for building purposes shall not be appropriated for any other purpose than that for erecting a school house.   We can not

agree with that contention. The section of the Constitution in question provides that the General Assembly may by general laws authorize school districts to levy by a vote of the qualified electors of such district a tax not to exceed a certain rate. This is for all school purposes, and the particular rate which can be levied or used for the purpose of constructing school houses in the several school districts is not designated. Evidently, then, the section of the Constitution in question did not intend to place any restriction on the use of school funds, other than that they should be used for school purposes. If it had, appropriate language to effectuate that intent would have been used. If the framers of the Constitution did not divide the school fund into separate classes, but, on the contrary, did provide a maximum rate which might be levied for all school purposes, how can it be said that such fund is appropriated to another purpose when it is designed and intended to be used for any of the purposes for which it might be levied? The Constitution places no restriction upon the use of school funds other than that they must be devoted to the purposes for which they were levied.

Again, it is contended by counsel for appellee that the fund could not be apportioned between the districts because the section of the Constitution in question provides that no such tax shall be appropriated to any other district than that for which it was levied, and it is this phase of the question which has given us the most concern. In this connection, it may be said that, under the provisions of art. 14 of the Constitution, the Legislature has enacted statutes for the support and maintenance of common schools by taxes. The several counties of the State have been divided into school districts under both general and special laws, and school boards have been created to manage and control the interests and affairs of such districts. The legislative power in these respects is full and complete, and is conferred by the provisions of the Constitution. This power of the Legislature has been recognized many times by the court in determining questions relating to the formation of school districts, and the changing of the boundaries of districts already created. As a part of that power, it may make provision for the division of the property, and the apportionment of the funds of the old corporation when a portion of its ter-

ritory is transferred to the jurisdiction of another school district. The State is the beneficial owner of the fund, and the various school districts, in which the title to the property or funds vests, are trustees for the State, holding the property and devoting it to the use which the State directs. Section 2 of the act of 1911 simply changes the fund from the management of one school district to that of another. The board of school directors are only the agents or trustees appointed to carry out the school system. The fund in question was collected from certain designated territory, which was transferred from one school district to another, and the fund was transferred with it. We do not think the statute in question contravenes either the spirit or letter of the Constitution. In other words, in the case before us, there was a mere alteration of the lines of the district, and the fund transferred was raised by a tax on the people owning and residing upon the lands which were also transferred. In such case we do not think it can be said that the tax is appropriated to any other district than that for which it was levied. Such has been the construction placed upon this section of the Constitution by the previous decisions of this court. *School District No. 15* v. *School District of Waldron,* 63 Ark. 433; *Evins* v. *Batchelor,* 61 Ark. 521; *Beavers* v. *State,* 60 Ark. 124. While these cases do not directly discuss the question, they necessarily determine it, for they are all cases involving the apportionment of school funds upon the division of school districts, and recognize the validity of statutes providing therefor.

Finally, it is insisted by counsel for appellee that the power of the Legislature to apportion the funds is denied by the last clause of section 24, art. 5, of the Constitution which forbids the enactment of special laws "where the courts have jurisdiction to grant the powers or the privileges or the relief asked for." It is plain that this clause does not refer to the jurisdiction conferred upon courts by the statute; for the Legislature may enact laws on all subjects on which its legislation is not prohibited. The Legislature has the power to establish new school districts, or to alter existing ones, and this power may be delegated to subordinate agencies or officers. Whatever power the Legislature has lawfully conferred upon county courts in these respects, it may take away and confer upon other agencies

or tribunals.   Hence it is evident that the Constitution, in the clause under consideration, does not refer to jurisdiction granted to courts by the Legislature, but refers to cases where the courts have jurisdiction, independently of any statute, to grant the relief asked for.

It follows that the chancellor erred in holding section 2 of the act of 1911 unconstitutional, and the decree will be reversed, and the cause remanded with directions to dissolve the injunction and to dismiss the complaint for want of equity.