COTTER SPECIAL SCHOOL DISTRICT No. 60 v. SCHOOL

DISTRICT No. 53.

Opinion delivered December 15, 1913.

1. SCHOOL DISTRICTS—VALIDITY OF DISMEMBERMENT ORDER.—The order of the county court taking a portion of the territory of a special

school district, and creating a common school. district out of it with other territory outside the corporate limits of a town, is void so far as it relates to the territory of the special school district, although made with the consent of its directors, where the order was made after the enactment of Acts 1909, p. 931, Act No. 312. (Page 81.)

2.  School districts—dismemberment—void order—certiorari.—Certiorari will issue at the instance of the directors of a dismembered school district, to quash a void order of the county court, affecting the same, when there are no special circumstances barring the action by laches or estoppel. (Page 82.)

3.  School districts—order establishing—presumption of validity.— The order of a county court, with jurisdiction, creating a school district, will be presumed to be valid as to territory which is not shown to have been improperly embraced in the district, although other territory was improperly included. (Page 82.)

4.  School districts—certiorari—extent of writ.—In a proceeding by certiorari to quash an invalid order of the county court dismembering a school district, the writ can not be used or converted into a suit to recover funds that have been assessed and collected by the new district from the territory in controversy. (Page 82.)

Appeal from Baxter Circuit Court; *J. W. Meeks,* Judge; reversed.

*Allyn Smith,* for appellant.

When the Legislature enacted that the boundaries of a school district organized in an incorporated town should be co-extensive with the boundaries of the town, it was beyond the power of the county court to erect a common school district out of part of such territory. Acts 1909, Act No. 312; 145 S. W. (Ark.) 896, 897.

The county court's order was void, and *certiorari* was the proper remedy.

*S. W. Woods,* for appellee.

1.  The writ of *certiorari* does not lie to correct mere irregularities, and can not be used as a substitute for an appeal, save where the right of appeal has been lost without fault of the petitioner. It may be employed only where the lower court has proceeded illegally, and there is no other method of correcting the error. 73 Ark.

604; 47 Ark. 511; 39 Ark. 347; 37 Ark. 318; 52 Ark. 213; 44 Ark. 509; 54 Ark. 372.

It is not a writ of right, but may be granted or denied at the discretion of the court according to the circumstances of each particular case. Where it appears that the lower court properly exercised its discretion, this court will not disturb its judgment.   89 Ark. 604; 56 Ark. 86.

2. Appellant, by its agreement to the creation of the district, and long acquiescence therein, is estopped from maintaining this action.   54 Ark. 382; 89 Ark. 604; 38 Ark. 81; 56 Ark. 85.

WOOD, J.   The question presented by this appeal is whether or not *certiorari* will issue at the suit of the directors of appellant to quash an order of the county court, made by consent of these directors, taking a portion of the territory of appellant, and with it, in connection with other territory outside of the corporate limits of the town of Cotter, creating a common school district.   Appellant, at the time a portion of its territory was taken to be included in School District No. 53, was a special school district, embracing the territory of the incorporated town of Cotter.   The order of the county court, under review, was made after the passage of Act 312, Acts of 1909, p. 931, making special school districts out of the territory included in school districts co-extensive with the corporate limits.   The power of the Legislature to create special school districts of the territory constituting an incorporated town is plenary.   The county court had no jurisdiction to dismember Cotter Special School District No. 60.   *Hartford* v. *West Hartford Special School District,* 102 Ark. 261.

The order of the county court, taking a portion of appellant's territory, was, to the extent of the territory so taken, not merely voidable, but void.   The order, therefore, so far as it affected the territory of appellant, was not a mere irregularity, but a void order.   The writ of *certiorari* will lie to quash an illegal and void order, one that the county court had no power to make.   The appel-

lant has no other remedy. While the issuance of a writ of *certiorari* generally rests within the sound discretion of the court, yet it should always issue to correct an illegal and void order, unless there are special circumstances to bar those applying for it by laches or estoppel. We find no such special circumstances presented by this record. The directors of the special school district could not, by consent, deprive the people of the district, whom they represent, of their rights by consenting to an illegal and void order, dismembering the territory of the district. And it was their duty, as soon as they discovered their mistake, to seek to have the same corrected, and it can not be said that either the directors or the people, by long acquiescence in the conditions created by the void order, have estopped themselves from seeking to have the same quashed. It can not be said that the appellant is attempting to use the writ as a substitute for appeal, for the proceedings show on their face that the directors. and all concerned were under the impression that the county court, at the time its order was made, had the power to make it, and they, doubtless, conceived the idea that it was to the interests of both districts concerned to have the order made. The time for an appeal has expired, and there is nothing in the record to indicate an effort to substitute the present proceedings for an appeal.

The county court had jurisdiction to create the School District No. 53 out of the other territory embraced therein, and exclusive of that in controversy, if the other statutory prerequisites existed. It will be presumed, in the absence of showing to the contrary, that these were present. The validity of the order of the county court creating the School District No. 53 is not involved further than eliminating therefrom the territory taken from the appellant, and, as to what effect this will have upon District No. 53 further than this, is not before us, and not decided. The order of the county court, under this proceeding, will not be disturbed further than to quash so much of that order as includes in District

No. 53, the territory in controversy. The writ of *certiorari* can not be used or converted into a suit of appellant against appellee, and the treasurer of the county to recover the funds that have been assessed and collected by appellee from the portion of the territory in controversy.

The judgment of the court is therefore reversed with directions to issue the writ to bring up the record of the judgment of the county court and to quash same, in so far as it affects the rights of appellee, as set forth in this opinion.