SCHOOL DISTRICT No. 12 v. SCHOOL DISTRICT No. 46.

Opinion delivered February 10, 1919.

SCHOOLS—PETITION TO CANCEL ORDER TRANSFERRING LAND—UNREASONABLE DELAY.—A petition in the county court to quash an order of that ccurt transferring land from one school district to another will be denied where petitioners had waited a year and a half before filing their petition.

Appeal from Perry Circuit Court; *John W. Wade,* Judge; affirmed.

*John L. Hill* and *Carmichael & Brooks,* for appellant.

1.   The petition is jurisdictional.   104 Ark. 145; 119 *Id.* 592; *Ib.* 149; 117 *Id.* 531, and the provision fixing the time is mandatory.   106 Ark. 306; 116 *Id.* 417.   The order reduced the number of children in District No. 46 to less than 35 and is void under our law.   Cases *supra.*

2.   Neither the petition nor the order annexing the territory recited that there were 35 children of school age in District No. 12.   *Supra.*

3.   The court was without power to make the order after it had ordered an election to make District No. 12 a special school district.   The petition was not in time. 102 Ark. 401-411; 103 *Id.* 298; 123 *Id.* 570; 121 *Id.* 581. See also 103 *Id.* 298; 121 *Id.* 581, 574; 119 *Id.* 575-592.

*J. H. Bowen* and *Calvin Sellers,* for appellee.

The county court had no authority to vacate the order made at a previous term.   78 Ark. 364; 92 *Id.* 299; 93 *Id.* 234; 99 *Id.* 433.   The court was correct in dismissing the petition.   The error might have been corrected by appeal or *certiorari* but not in the manner attempted. The court found that the number of school children was not reduced below 35.   The matter is not mandatory but discretionary with the court and this court will not interfere.   119 Ark. 592.   Kirby's Digest, § 7543, is not mandatory.   The judgment is correct because (1) based on sufficient testimony and (2) the county court had no jurisdiction and the circuit court none on appeal.   The

term had lapsed. The statute is mandatory that the election shall be called within five days from the presentation of the petition.

McCULLOCH, C. J. Each of the school districts involved in this controversy are rural single school districts in Perry County, formed under general statutes of this State (Acts 1909, p. 947), and the territory of the two districts adjoins. On July 13, 1914, the county court of Perry County made an order on the petition of electors, annexing to District No. 46, two tracts of land, constituting in all a section, adjoining the boundaries of that district and situated within the bounds of District No. 12. At that time District No. 12 was a common school district, but a petition had been filed and presented to the court asking for an election to be held for the purpose of converting the territory into a rural single school district. The petition was granted by the county court a few days after the order of annexation, and at the election subsequently held it was voted to constitute School District No. 12 a rural single school district.

The present proceedings originated in a petition filed in the county court on behalf of School District No. 12, at the October term, 1915, to cancel and set aside the order of annexation entered by the court on July 13, 1914.

The contention is that the order of annexation entered by the court was void for the reason that it appears from the evidence that the annexation reduced the number of children of scholastic age in District No. 12 below the statutory requisite of thirty-five, and also that the county court was not authorized to order the annexation of territory in another school district where a petition had already been filed to convert that district into a rural single school district. The court refused to cancel the original order of annexation, and on appeal to the circuit court the same order was entered there, from which an appeal to this court has been prosecuted.

The answer to both contentions on behalf of appellant School District No. 12 is that this proceeding was not instituted within a reasonable time, and for that reason, if for no other, the relief should be denied. The present proceeding constitutes a collateral attack on the judgment of the county court and is analogous to a proceeding in a superior court by *certiorari* to quash the order of the county court. This court has repeatedly held that such an effort to quash a judgment in a matter involving public interest is not entertained as one of right, but is a matter of discretion, and unless the remedy is sought within apt time it should be denied; the reason being that on account of the delay great public inconvenience may result in setting aside such an order. *Johnson* v. *West,* 89 Ark. 604. That principle applies with force to the present proceeding. The order of annexation was made in July, 1914, and the annexed territory became a portion of School District No. 46. No appeal was prosecuted from the order, and there was a delay of about a year and a half before the present proceedings were instituted to cancel the order of annexation. It cannot, therefore, be said that the petitioners proceeded expeditiously, and the delay is sufficient grounds to justify a denial of relief.

The judgment of the circuit court is, therefore, affirmed.