BUTLER *v.* BLACKSHARE.

Opinion delivered January 21, 1924.

1. CERTIORARI—DELAY IN APPLICATION.—Issuance of a writ of certiorari to review proceedings of a public nature, such as establishment or vacation of a public road, rests in the sound discretion of the court, which should not grant relief where there has been an unaccountable delay in applying for it.

2. HIGHWAYS—DELAY IN APPLYING FOR CERTIORARI.—Where a petition for certiorari to review an order vacating part of a public road and establishing a new road on petition of county road commissioners acting as such, pursuant to Special Acts 1919, p. 569, was not filed for more than two years, the court did not abuse its discretion in quashing the writ.

Appeal from Clay Circuit Court, Eastern District; *W. W. Bandy,* Judge; affirmed.

*L. Hunter* and *Carl L. Hunter,* for appellant.

The procedure to vacate a public road, or any part thereof, is clearly set out in § 5247 of C. & M. Digest. The action of the county court in vacating the road was void. 13 Ark. 356; 15 Ark. 43.

*W. E. Spence,* for appellee.

The county court had jurisdiction. 134 Ark. 121; § 5249, C. & M. Digest.

McCULLOCH, C. J. Appellant filed his petition in the circuit court of Clay County to bring up to that court for review an order of the county court, changing the route of a public road by vacating a portion of the old route and laying out a new route. Appellant alleged in his petition that he owned real estate affected by the order vacating the old route of the road, that the order was made without notice, and that he did not know of the pendency of the proceeding in the county court until after the order was made. The writ was granted by the judge of the court, but, on a hearing, the court sustained a demurrer to the petition and quashed the writ.

It appears from the petition that the order of the county court sought to be reviewed was rendered on

August 19, 1919, and that the petition for certiorari was filed in the circuit court on October 17, 1921.

It appears also that the order of the county court was made on the petition signed by the county road commissioners, who were acting as such pursuant to a special statute then applicable to Clay County. Special Acts 1919, p. 569.

It appears from the original petition of the commissioners that they merely recommended the establishment of the new route of the road, but that there was appended to the petition another petition, signed by the appellees, asking that the old route be vacated. The court seems to have treated the two petitions as being a single one, and made the order vacating the old route and establishing the new one. The contention of appellant is that the order is void on its face to the extent that it attempted to vacate the old route without there having previously been filed a petition signed by the property owners and notice given of the presentation of the petition.

It appears from the above recital that appellant's petition for certiorari was not filed for more than two years after an order was entered vacating the old route of the road and establishing the new route. Under repeated decisions of this court, the issuance of a writ of certiorari to review proceedings of a public nature, such as the establishment or vacation of a public road, rests in the sound discretion of the court, and relief should not be granted where there has been an unreasonable delay in applying for the relief. *Johnson* v. *West*, 89 Ark. 604; *Rust* v. *Kocourek*, 130 Ark. 39; *Brinkley Township Road Dist.* v. *Dixon Township Road Dist.*, 146 Ark. 167.

There is no reason shown in the present case for the delay of more than two years in applying for relief, therefore we are of the opinion that the court did not abuse its discretion in quashing the writ of certiorari and refusing to review the orders of the county court.

Judgment affirmed.