RURAL SPECIAL SCHOOL DISTRICTS NOS. 17 AND 95 *v.* OLA SPECIAL SCHOOL DISTRICT NO. 10.

Opinion delivered September 22, 1930.

*Hays, Priddy & Madole,* for appellant.
*Wilson & Wilson,* for appellee.

KIRBY, J. Certain electors residing in appellant rural special school districts Nos. 17 and 95 in Yell County filed a petition in the circuit court for a certiorari requiring the appellees to bring up for review an order of the county board of education consolidating appellant school districts with the Ola Special School District. and creating the territory into the Ola Special School District No. 10 and abolishing appellant districts.

It was alleged that the order was made without the notice required by law and void, and should be quashed.

Appellees answered, and upon a hearing the court denied the relief and dismissed the petition. It appears that the order of the board of education sought to be quashed was made on the 20th day of April, 1929, upon a petition for the creation of the district and a remonstrance filed thereto by residents of both districts, and after a hearing by the board, which found that the petition for the district contained a majority of the qualified electors residing in the territory affected, and that it was for the best educational interests of all parties affected that the territory be reorganized into the district as prayed for, the petition was granted accordingly.

No appeal was attempted to be taken from the order. At the annual school election in May thereafter six directors were elected for the district, the election being held in the town of Ola therein. The newly elected school board employed teachers and summer schools were held in the territory formerly embraced in the appellant districts and attended by the pupils living therein. After the time for appeal had expired, the board purchased buses to transport the pupils to the schools in the new district in the town of Ola, and employed teachers for the school. No school election was held in the territory of the old districts nor tax voted, and some of the electors of each of said districts voted in the election held in the new and appellee district. On the 24th day of September, 1929, appellants filed a petition for a writ of cer-

tiorari in the circuit court, which ordered the records brought into court. Appellee filed an answer in due time, and upon a hearing the court denied and quashed the writ of certiorari, approved and confirmed the order of the board of education made on the 20th day of April, 1929, consolidating school districts 17 and 95 with and into the Ola Special School District No. 10, and from this order the appeal comes.

It is insisted by appellants that the order and judgment of the board of education, sought to be quashed, was void, being made without giving the notice required by the statute, § 8821, C. & M. Digest. In *Consolidated School District No. 2* v. *Special School District No. 19*, 179 Ark. 822, 18 S. W. (2d) 349, it was held that said statute requiring the notice given had not been repealed by the amendatory act 156 of 1927. No objection was made in the remonstrance filed against the petition for the creation of the district before the school board, and no appeal was attempted to be taken during the time allowed by law therefor from the order of said board creating the district, it being announced by the board at the time the order was made that the law allowed a certain time for an appeal therefrom. After this time had expired with no appeal taken, the board of directors of appellee district caused summer schools to be held in the territory of the old districts, which were attended by the pupils residing therein, and no school elections were held in said districts. They then purchased buses for transporting the children and pupils residing in said territory to the central school in Ola, employed all additional teachers necessary to teach the school with the increased number of pupils, the school election at the regular time being held only in appellee district at which some electors of the old districts voted.

The order of the board, sought to be quashed, was made on April 20, 1929, no appeal was taken therefrom, and this proceeding was begun on the 24th day of Sep-

tember, 1929, more than five months thereafter, without an excuse offered for the delay.

An effort to quash an order or judgment in a matter involving the public interest or of a public nature, such as the consolidation and creation of school districts, is not entertained as of right, but is a matter resting in the sound discretion of the court, which should not grant relief unless the remedy is sought within apt time or without an unreasonable delay in applying therefor. Here appellants appeared and remonstrated against the making of the order without objecting that notice had not been given of the application therefor, made no effort to appeal from it, and sought no relief by this proceeding until more than five months after the order was made, the entire status changed, and the unusual expenses incurred necessary to the carrying out of the order and conducting the schools in the territory as consolidated. No elections were held or school tax voted in the old districts because of the consolidation, and some of the electors residing therein participated in the school election in the new district.

Confusion and injury would necessarily have resulted from the quashal of the order, to the deprivation of the privilege of attending public school to all the children residing in the territory of the old districts, since no school could have been held therein because of a lack of funds resulting in a great public inconvenience. Certiorari is not a writ of right but one of discretion, and will not be granted except to do substantial justice, and we hold there was no abuse of discretion by the court in withholding the writ and denying the issuance thereof herein. See *School District No. 12* v. *School District No. 46*, 137 Ark. 457, 208 S. W. 788; *Black* v. *Brinkley*, 54 Ark. 372, 15 S. W. 1030; *Burgett* v. *Apperson*, 52 Ark. 213, 12 S. W. 559; *Johnson* v. *West*, 89 Ark. 606, 117 S. W. 770; *Butler* v. *Blackshare*, 162 Ark. 69, 257 S. W. 379.

The judgment is accordingly affirmed.