WHITE *v.* BOARD OF EDUCATION OF INDEPENDENCE COUNTY.

Opinion delivered October 26, 1931.

*Cole & Poindexter*, for appellant.
*Coleman & Reeder*, for appellee.

KIRBY, J. Appellant and others on June 14, 1930, petitioned the Independence Circuit Court for a certiorari seeking to quash an order of the board of education of Independence County made on the 14th day of September, 1929, dissolving School Districts Nos. 4 and 88 and annexing the territory formerly embraced therein to School District No. 71 in Sharp County.

It was alleged as grounds that district No. 71 lies wholly in Sharp County and that the Independence County board of education was without jurisdiction to annex territory in Independence County to it.

School District No. 71 at the date of the order of annexation in fact contained certain sections of land situated in Independence County, which were annexed by act of the Legislature, and School Districts Nos. 4 and 88 in Independence County adjoin said territory in Independence County that has been annexed to the Sharp County district by the Legislature. The annexation of districts Nos. 4 and 88 in Independence County to School District No. 71 of Sharp County increased the area in Independence County so materially in excess of the area in Sharp County that the board of education of Sharp County, acting under the present law and instruction of the State Board of Education and the State Superintendent of Education, relinquished jurisdiction over said district and ceded it to the board of education of Independ-

ence County, which accepted the administration of its affairs, designating it finally as School District No. 2A of Independence County.

When the order of consolidation was made, members of the boards of both districts Nos. 4 and 88 recommended and acceded to it. An election was called for the purpose of voting on the question of borrowing money for the construction of school buildings, one voting precinct being located in Sharp County and another in Independence County, and in the latter district one director of School District No. 4 and one of No. 88 acted as judges, and of 50 votes cast in Independence County precinct all were in favor of the loan for building purposes; and, acting under the authority conferred by the electors, the directors borrowed money from the ''Revolving Loan Fund'' of the State, and had at the time of the filing of the petition for certiorari constructed a large and commodious building to accommodate the pupils of the entire district, and had purchased and put in operation school busses for transporting the pupils formerly residing in the territory embraced in the old districts Nos. 4 and 88 to and from the new school at Cave City, where additional teachers had been employed for conducting the school.

The court denied the petition for certiorari because it was not sooner applied for, and from this judgment the appeal is prosecuted.

Certiorari is not a writ of right but one of discretion, and will not be granted except to do substantial justice *Rural Special School Districts Nos. 17 and 95* v. *Ola Special School District*, 182 Ark. 197, 31 S. W. (2d) 129. In this case it was also said: ''An effort to quash an order or judgment in a matter involving the public interest or of a public nature, such as the consolidation and creation of school districts, is not entertained as of right, but is a matter resting in the sound discretion of the court, which should not grant relief unless the remedy is sought within apt time or without an unreasonable delay in applying therefor.''

It was held in the above case that there was no abuse of discretion in refusing the writ of certiorari as the proceeding for quashing the order of consolidation was not commenced for more than 5 months after the order made without excuse made for the delay.

In the instant case petitioners waited almost 10 months before starting the proceeding, giving no sufficient excuse for the delay, and we hold this case is controlled by the ruling in the case above cited.

The judgment is affirmed.