CROPPER v. TACKETT.

4-2868

Opinion delivered February 13, 1933.

*Kent K. Jackson* and *Perry C. Goodwin,* for appellant.

*Northcutt & Northcutt,* for appellee.

McHANEY, J. By special act 211 of 1905, Fulbax School District was created, composed of what had been School District No. 10 in Fulton County and School District No. 29 in Baxter County. By agreement, the county superintendent of schools in Fulton County has supervised said school, and all the funds accruing to said district have been transferred to the Fulton County school funds and administered and expended by the proper officials of that county. Thereafter, on March 13, 1931, the county board of education of Fulton County made an order consolidating said district with Viola Special School

District No. 15 and Union Ridge No. 59, under the name of Viola, or extended the boundaries of the Viola District to include the others. Since that time, Viola Special School District has functioned as a school district according to law and the order of the county board of education of Fulton County. On March 1, 1932, eight men, a small minority of the electors of the old Fulbax District, held a school election in said district, in which appellants were elected directors, who thereafter employed a teacher who taught a term of school, and was paid from funds belonging to the Viola District, collected from taxes on property in that part of Viola District in Baxter County and what was formerly district No. 29 of Baxter County before Fulbax District was created.

To a complaint setting out the above facts and that said fund was being unlawfully appropriated by appellants, who have no legal status, a demurrer was interposed by appellants, which was overruled, and, upon their declining to plead further, they were perpetually enjoined from performing any duties as directors, and from paying out any funds or otherwise interfering with the affairs of said Viola District.

Appellants contend for a reversal on the ground that the order made by the county board of education of Fulton County consolidating the Fulbax District with Viola and another was not binding as to that part of the territory of the Fulbax District lying in Baxter County, and that said order of consolidation, being improvidently made, could not be cured by § 54 of act 169, Acts of 1931, known as the "School Law."

Conceding without deciding that the demurrer to the complaint raises the question of the validity of the order of the county board of Fulton County extending the boundaries of the Viola District to include the others above mentioned, we think the court correctly overruled the demurrer. The applicable portion of said § 54 is that "any errors, omissions or defects in the procedure of creating such district are hereby cured, and the action creating such district is hereby ratified." While it is

true that the applicable statute provided for the action of both county boards to form a school district of lands in two counties, act 156 of 1927, p. 549, still the Fulbax District was created by the Legislature of 1905, and, by common consent and mutual agreement, the Fulton County board and the county superintendent of that county supervised it and managed its affairs as if it were a Fulton County district in its entirety. After the order of consolidation was made, all persons in the district acquiesced in it, and no appeal was prosecuted from such order. The order was not void, but voidable. Its only defect was the omission to have the action of the county board of Baxter County. A similar case is that of *White v. Board of Education of Independence County*, 184 Ark. 480, 42 S. W. (2d) 989, where districts in one county were annexed to a district in another county with the action of the county board in one county only. We there denied a petition for certiorari to quash the order of consolidation because of delay in bringing the action for ten months. Here appellants did not appeal, and brought no action contesting the validity of the order, but assumed authority to act as a board of directors in a district that had been abolished for 26 years.

Their action in so doing was without authority of law, and the court correctly enjoined them. Affirmed.