MAGNOLIA SPECIAL SCHOOL DISTRICT No. 14 *v.* RURAL SPECIAL SCHOOL DISTRICT No. 3.

4-6266                                         149 S. W. 2d 579

Opinion delivered March 24, 1941.

*W. H. Kitchens, Jr.,* and *Wade Kitchens,* for appellant.

*Garner & Crocker,* for appellee.

SMITH, J. This suit is a controversy between Rural Special School District No. 3, of Columbia county, as plaintiff, and Magnolia Special School District No. 14, of the same county, as defendant, as to whether sections 15 and 22, township 17 south, range 20 west, are a part of the first-named or of the last-named district.

We will refer to the districts by their numbers, for brevity. District 3 alleged that since April 25, 1927, the sections of land above-described have been assessed for school taxation as being in district 14, and all taxes levied and paid on said assessments have been credited to district 14, whereas said lands should have been assessed as being in district 3, and the taxes credited accordingly. There was a prayer for the adjustment of taxes so erroneously collected and credited to district 14, and that the assessor be restrained from assessing said lands as being in district 14. There was a prayer also for an accounting of these taxes, indeed, this appears to be the basis upon which the jurisdiction of equity was invoked. The answer filed by district 14 denied that the lands were in district 3, but there was a decree in favor of district 3 awarding the relief prayed, from which is this appeal.

The records of the County Board of Education and of the county court are in hopeless confusion and contradiction as to the district of which sections 15 and 22 are a part. This is probably due to the fact that for many years the lands were sparsely settled and prior to the discovery of oil in 1937 of but little value. The tax records show that from 1895 to 1927 the lands, or portions thereof, were variously assessed as being in districts Nos. 1, 3, 4, 14, 21, 31, and 54.

It appears that on March 24, 1924, the county board of education made an order changing the boundary lines of district No. 21 to include all of both sections 15 and 22. It is insisted that this order is void as not having been made upon proper notice, and that proper record thereof was not made.

On July 13, 1927, the county board of education made an order, which appears regular in form and properly entered in county court record ''M,'' p. 559, by which district No. 21 was dissolved and annexed to district 14. Thereafter, for the year 1927, sections 15 and 22 were assessed as being in district 21, but since then both sections have been assessed as being in district 14, until the institution of this suit, including taxes for the year 1938.

On July 26, 1902, the county court made an order forming and creating district No. 4 out of a part of district 3, which included all of section 22 except 80 acres, but not including any part of section 15.

On July 10, 1908, the county court made an order further subdividing district 3 to form a new district, which was numbered 31. The effect of this order was to take sections 15 and 22 out of district 3, if they were a part of district 3, and placing these sections in district 31.

There was offered in evidence an order of the county court, made July 19, 1913, further dismembering district 3 and attaching portions of its territory to district No. 72; but that order only confuses, as the territory detached from district 3 and made into district 72 does not include any part of either section 15 or 22.

On April 25, 1927, the county board of education made an order ''establishing common school districts numbered 3, 31, 72, and Special School District No. 4, into a Rural Special School District, which was designated as Rural Special School District No. 3, of Columbia county,'' which is the plaintiff district and appellee here. This order describes the lands which are included in the new district, designated as Rural Special School District No. 3, and sections 15 and 22, township 17 south, range 20 west, are among the lands described. It is upon this order that plaintiff district-appellee here—relies to support its contention that the two sections of land in controversy are a part of its territory.

Opposed to this contention is the insistence that sections 15 and 22 did not become a part of Rural Special

School District No. 3, for the reason that neither section was then a part of any one of the four districts consolidated into Rural Special School District No. 3. But, as has been said, these two sections were described as a part of the territory formed into Rural Special School District No. 3.

We have, therefore, this situation. The two sections were made a part of district 21, which district was dismembered and annexed to Special School District No. 14, this last order having been made on July 13, 1927, this order being subsequent to the order of the board of education, above referred to, made April 25, 1927, in which the two sections were specifically described as being a part of Rural Special School District No. 3, then formed.

Orders such as these are properly reviewable on appeal; but no one has appealed. Such orders, when void upon their face, may be quashed on certiorari; but this is not always done even when they are void.

In the case of *Rural Special School Districts Nos. 17 and 95* v. *Ola Special School District No. 10,* 182 Ark. 197, 31 S. W. 2d 129, certiorari was prayed to quash an order consolidating certain school districts, upon the ground that the order of consolidation had been made without notice. The relief prayed was denied, it being held (to quote a headnote) that ''An effort to quash an order or judgment in a matter involving the public interest, such as the consolidation and creation of schools, is a matter resting in the discretion of the court, which should not grant relief unless the remedy is sought within apt time.'' That holding was reaffirmed in the case of *White* v. *Board of Education of Independence County,* 184 Ark. 480, 42 S. W. 2d 989.

In the case of *Cotter Special School District No. 60* v. *School District No. 53,* 111 Ark. 79, 162 S. W. 58, the facts were that the county court had dismembered a special school district, and it was said that the court was without jurisdiction to do so, and on certiorari that order of the county court was quashed. It was there said that ''While the issuance of a writ of certiorari generally rests within the sound discretion of the court,

yet it should always issue to correct an illegal and void order, unless there are special circumstances to bar those applying for it by laches or estoppel.''

We think the special circumstances of this case are such that appellee district is not entitled to any relief, equitable or otherwise. In addition to the facts above stated, it appears that for many years sections 15 and 22 were of such small value that no one was much concerned as to the district in which they were assessed, and the number of children living on these sections was so few that they were enumerated in first one district and then another. Some of the small number of children living on these lands attended school in one district, while other children attended school in a different district. But since 1927, the lands have been assessed in district 14, and not elsewhere, and that district appears to have enlarged its school facilities to accommodate the children living on these sections. The situation has changed. Oil was discovered in this territory in 1937, and since that time the lands have become very valuable, and will now afford much revenue to the district of which they are a part. Maps were made for public use showing the division of the county into school districts. One of these was conspicuously posted in the office of the county superintendent of schools, and later in the office of the county examiner of schools. One of these maps was attached to the wall in the assessor's office for the information of citizens in making their assessments. An election was held February 1, 1936, authorizing a loan of money to district 14 for the payment of which a tax of one mill was levied annually on all the property of the district.

Each side invokes the aid of various acts designed to cure defective orders in the organization of the school districts of the state. One of the latest of these is act 169 of the Acts of 1931, of which it was said in the case of *Common School District No. 42* v. *Stuttgart Special School District No. 22*, 187 Ark. 119, 58 S. W. 2d 680: ''We think that § 54 of act 169 of 1931 is applicable to the order of the county board of education made and entered on March 8, 1930, and that all omissions and

irregularities therein, whether by lack of petition or notice, are cured and validated by said act, and that said order of the county board of education of Arkansas county has established the true boundary line between said two districts.''

But these curative acts, if here applied, would cure orders placing §§ 15 and 22 in both districts, and we are of opinion, therefore, that this case must be decided without reference to these curative acts, and we place our decision upon the ground herein previously stated, that is, that it would be inequitable to grant appellee the relief prayed under the facts in this case.

The decree will, therefore, be reversed, and the cause will be remanded with directions to dismiss it.