**John W. GREEN, Appellant,**

v.

**Michael GROOSE, Superintendent, Appellee.**

No. 91–2826.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1992.

Decided March 23, 1992.

See also 778 S.W.2d 326.

---

Gail G. Renshaw, St. Louis, Mo., for appellant.

Ronald L. Jurgeson, Kansas City, Mo., for appellee.

Before FAGG and BEAM, Circuit Judges, and GAITAN,* District Judge.

PER CURIAM.

John William Green, a Missouri prisoner convicted of second-degree murder, appeals the district court's order denying his 28 U.S.C. § 2254 application for a writ of habeas corpus. We affirm.

 In this habeas action, Green challenges his murder conviction on three grounds. First, Green contends he was denied due process because the state trial court refused to give an instruction on involuntary manslaughter as a lesser included offense. This contention is without merit. The trial court instructed the jury on first and second-degree murder and voluntary manslaughter. The court concluded, however, there was insufficient evidence to support an instruction on involuntary manslaughter under Missouri law. On direct appeal, the Missouri Court of Appeals affirmed the trial court's decision. *State v. Green,* 778 S.W.2d 326, 327–28 (Mo.Ct.App.1989). Whether there was sufficient evidence to support an involuntary manslaughter instruction under Missouri law is matter of state law, *Hallowell v. Keve,* 555 F.2d 103, 107 (3d Cir.1977), and "it is not the province of a federal habeas court to reexamine state court determinations on state law questions," *Estelle v. McGuire,* — U.S. —, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). In any event, this is a noncapital case and we have held "the failure to give a lesser included offense instruction in a noncapital case rarely, if ever, presents a constitutional question." *Pitts v. Lockhart,* 911 F.2d 109, 112 (8th Cir.1990), *cert. denied,* — U.S. —, 111 S.Ct. 2896, 115 L.Ed.2d 1060 (1991). Thus, given the circumstances in this case, "any error committed by the trial court ... in

failing [properly to] instruct on [in]voluntary manslaughter does not present a constitutional question cognizable on federal habeas review." *Turner v. Armontrout,* 922 F.2d 492, 494 (8th Cir.1991).

 Second, Green contends he received ineffective assistance of counsel because his trial attorney failed adequately to investigate and call a potential witness to support his defense theories of self-defense and unintentional killing. The State raises procedural default against Green on his ineffective assistance of counsel claim. Because we believe Green's claim is meritless, however, we choose to decide the claim on this basis rather than address the question of procedural default. *See Lashley v. Armontrout,* 957 F.2d 1495, 1498–1499 (8th Cir.1992).

To prevail on his ineffective assistance of counsel claim, Green must show his trial attorney's performance was deficient and "a reasonable probability that, but for counsel's unprofessional errors, the result of the [trial] would have been different." *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). Having reviewed the record, we conclude Green has failed affirmatively to prove prejudice resulting from his attorney's performance. *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067–68. Green presented ample evidence supporting his defense theories, but the jury rejected this evidence and convicted Green of murder based on substantial evidence presented by the State. We have considered the affidavit of the witness Green contends would have supported his defense, and we conclude Green has failed to show how this additional witness would have altered the jury's verdict.

 Finally, Green contends he received ineffective assistance of counsel during his direct appeal. A criminal defendant is entitled to effective assistance of counsel on direct appeal, and the same *Strickland* analysis applies. *Blackmon v. White,* 825

* The HONORABLE FERNANDO J. GAITAN, JR., United States District Judge for the Western District of Missouri, sitting by designation.

F.2d 1263, 1265 (8th Cir.1987). Green contends his attorney on appeal was ineffective because the attorney did not appeal the trial court's failure to declare a mistrial sua sponte following a prejudicial remark by the prosecutor during closing arguments. Our review of the record shows this claim is so lacking in merit that an appellate attorney could reasonably decide against including the claim on appeal. We are convinced an appeal based on the prosecutor's remark would not have produced a reversal of Green's conviction. Thus, Green has lost nothing by his attorney's decision against raising the issue on Green's direct appeal.

Accordingly, we affirm the district court's denial of Green's request for habeas corpus.