**Robert Earl O'NEAL, II, Appellant,**

v.

**Michael BOWERSOX, Appellee.**

Nos. 95–3986, 95–3987.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 30, 1995.

Decided Dec. 1, 1995.

Order Denying Rehearing, Rehearing En Banc, and Stay of Execution Dec. 5, 1995.

Timothy K. Kellett and Michael J. Gorla, St. Louis, Missouri, for appellant.

Michael J. Spillane, Assistant Attorney General, Jefferson City, Missouri, for appellee.

Before BOWMAN, MAGILL, and HANSEN, Circuit Judges.

PER CURIAM.

On November 29, 1995, the District Court [1] denied O'Neal's second petition for a writ of habeas corpus. This is a death penalty case and execution is set for 12:01 a.m. on December 6, 1995. On November 30, 1995, the District Court granted O'Neal's application for a certificate of probable cause and his motion for a stay of execution pending disposition of his appeal, which we now have before us. The state appeals the stay order entered by the District Court.

O'Neal's present habeas petition presents only one ground for relief not raised in his first petition: an alleged *Brady* violation. The District Court thoroughly considered this claim and concluded that it constitutes an abuse of the writ because O'Neal has failed to show why he could not have obtained the factual basis of the claim prior to filing his first petition. The Court further concluded that even if O'Neal could show that his new claim was not an abuse of the writ, the claim in any event lacks merit because there is no reasonable probability that the result of O'Neal's criminal trial would have been different had the evidence been disclosed.

Having reviewed the materials that have been submitted to the Court by the parties, we are satisfied that the District Court ruled correctly in denying O'Neal's second habeas petition. The order of the District Court is affirmed on the basis of that court's well-reasoned opinion and the stay of execution is vacated.

### AMENDED ORDER

Before RICHARD S. ARNOLD, Chief Judge, and McMILLIAN, FAGG, BOWMAN, WOLLMAN, MAGILL, BEAM, LOKEN, HANSEN, MORRIS S. ARNOLD and MURPHY, Circuit Judges.

Appellant O'Neal's petition for rehearing by panel is denied. Appellant O'Neal's suggestion for rehearing en banc is also denied. Appellant O'Neal's motion for stay of execution of a sentence of death is denied.

IT IS SO ORDERED.

RICHARD S. ARNOLD, C.J., and McMILLIAN, J., would grant the suggestion for rehearing and would grant a stay of execution.

RICHARD S. ARNOLD, C.J. separately dissents, with which McMILLIAN, J., joins.

LOKEN, J., took no part in the vote on the suggestion for rehearing en banc and the motion for stay of execution.

RICHARD S. ARNOLD, Chief Judge, dissenting, joined by McMILLIAN, Circuit Judge.

I vote to grant the suggestion for rehearing en banc. I also vote to grant the motion for stay of execution until final disposition of the instant appeals in this Court.

This is a *Brady* case. The petitioner, Robert Earl O'Neal II, asked the prosecution, before his trial in the state court, whether any of the State's witnesses had a criminal record. The State said no. This was not a correct answer. In fact, one of the State's two key eyewitnesses, Correctional Officer John Maylee, had been convicted of three felonies. In other words, the State of Missouri broke the law in this case. In fact, it broke the highest law—the Constitution of the United States.

The District Court dismissed this claim, asserted by O'Neal's second habeas petition, as abusive. The claim was not alleged in O'Neal's first habeas petition. So the question is whether O'Neal can show cause for and prejudice resulting from this omission. The District Court held, on the issue of cause, that "O'Neal has failed to explain why he could not have obtained the factual basis of his claim prior to filing the first petition by either questioning a witness or reviewing public records." *Robert Earl O'Neal, II v. Michael Bowersox,* No. 4:95CV02140 GFG,

---

1. The HONORABLE GEORGE F. GUNN, JR., United States District Judge for the Eastern District of Missouri.

slip op. 5 (E.D.Mo., November 29, 1995). A panel of this Court has agreed that "O'Neal has failed to show why he could not have obtained the factual basis of the claim prior to filing his first petition." *Robert Earl O'Neal, II v. Michael Bowersox*, 73 F.3d 169, 170 (8th Cir.1995) (per curiam).

I believe these statements are both true. O'Neal's lawyers could have obtained the information long ago either by interviewing Officer Maylee, which is what counsel for Lloyd Schlup, a co-defendant, did, or by searching the public record. (The prosecution also took neither of those steps.) But the law places no such duty on defense counsel. A defense lawyer who asks for this sort of potentially helpful evidence should be entitled to rely on the accuracy of the State's response. He should not be required to behave as if the prosecuting attorney cannot be trusted. Failure to reveal exculpatory evidence in violation of *Brady* is itself "cause" for present purposes. It is an " 'objective factor external to the defense [that] impeded counsel's efforts' to raise the claim...." *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991), quoting *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645–46, 91 L.Ed.2d 397 (1986). We so held in *Fairchild v. Lockhart*, 979 F.2d 636, 640 (8th Cir.1992) (Magill, J.), *cert. denied*, —— U.S. ——, 113 S.Ct. 3051, 125 L.Ed.2d 735 (1993) (subsequent history omitted). *Accord*, 979 F.2d at 641, 642 (Arnold, C.J., concurring). In holding otherwise, the panel has departed from a prior panel opinion, which is grounds for rehearing en banc. 8TH CIR.R. 35A(a).

But what about "prejudice"? Is there "a reasonable likelihood that, if the withheld evidence had been introduced at trial, the verdict would have been different"? 979 F.2d at 642 (concurring opinion). Or, as the Supreme Court has most recently put it, could the undisclosed evidence "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict"? *Kyles v. Whitley*, —— U.S. ——, ——, 115 S.Ct. 1555, 1566, 131 L.Ed.2d 490 (1995). I frankly do not know. I do not know how anyone *could* know without reading the transcript of O'Neal's trial. The withheld material relates to a witness's credibility, I concede, and not directly to O'Neal's guilt or innocence, but credibility of eyewitnesses (officers *vs.* inmates) seems to be what this trial was about. O'Neal killed Arthur Dade, but he said he acted in self-defense, and the eyewitnesses told different stories on that issue. The State thought criminal records were important enough to use to impeach O'Neal's witnesses. At the very least, the suggestion for rehearing en banc presents a persuasive theory of *Brady* prejudice. See Suggestion, pp. 8–13.

I have not read the trial transcript. The Suggestion for Rehearing En Banc arrived in my chambers by FAX at about 11 o'clock this morning, Monday, December 4, 1995. A call to our Clerk's Office, made before noon, revealed that the transcript was lodged with the Clerk of the District Court. At my request, the transcript has been sent to and is now (this is being written at 3:30 p.m.) in the Clerk's Office of this Court. The transcript is hundreds of pages long. It cannot get from St. Louis to Little Rock (where I now am) before tomorrow. The execution is set for a little more than 32 hours from now. I do not believe it would be responsible for me to order the transcript to be sent to me now. The Supreme Court might want to see it. But in the meantime, I decline to vote to send Mr. O'Neal to his death before someone, either on this Court or the Supreme Court, has read the transcript with O'Neal's *Brady* claim in mind.

I would stay this execution pending rehearing by this Court en banc.