# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2922EM

_____

John Lee Gibson,                              *
                                             *
                 Appellant,                  *   Appeal from the United States
                                             *   District Court for the Eastern
     v.                                      *   District of Missouri.
                                             *
Anthony Gammon, Superintendent,              *        [UNPUBLISHED]
                                             *
                 Appellee.                   *

_____

Submitted:  February 12, 1999
    Filed:  February 19, 1999

_____

Before BOWMAN, Chief Judge, and FAGG and HANSEN, Circuit Judges.

_____

PER CURIAM.

John Lee Gibson appeals the district court's denial of his petition for writ of habeas corpus.  See 28 U.S.C. § 2254 (1994).  Gibson claims his trial counsel was ineffective because trial counsel did not argue on appeal that Gibson was entitled to a sentence reduction due to amendments of the Missouri criminal provisions under which he was convicted.  We disagree.  As the State correctly contends, the amended criminal code provisions do not apply to offenses, like Gibson's, which were committed before January 1, 1979.  See Mo. Rev. Stat. § 556.031.3 (1978); State ex rel. Peach v. Bloom, 576 S.W.2d 744, 746-47 (Mo. 1979) (en banc).  The failure of Gibson's counsel to raise this meritless claim on appeal does not constitute

ineffective assistance of counsel. <u>See</u> <u>Dyer v. United States</u>, 23 F.3d 1424, 1426 (8th Cir. 1994); <u>Green v. Groose</u>, 959 F.2d 708, 709-10 (8th Cir. 1992) (per curiam). We also reject Gibson's argument that the State is improperly urging affirmance on a ground different than the one relied on by the district court as the State may argue any basis for affirmance supported by the record. <u>See</u> <u>Thompson v. Missouri Bd. of Probation and Parole</u>, 39 F.3d 186, 189 n.2 (8th Cir. 1994).

We affirm the district court's denial of Gibson's habeas petition.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.